LEWELLEN PATRICK V. STEPHEN O. GIBBS.

A decree of a court of Chancery is within the Constitution and Act of Congress, respecting the mode of authentication, and the effect of the records and judicial proceedings of the Courts of the respective States, when offered in evidence in the Courts of any other State.

That the record of the proceedings in a suit in a Court of Record in another State, in addition to the ordinary circumstances of time and place, exhibit the parties, the subject matter in dispute, and the result, is all that is required in an action on such judgment or decree in this State ; unless it should be shown that by reason of some statutory regulation of such other State, such judgment or decree is not conclusive of the rights of the parties.

As a jury was waived, (in a suit on a decree of a Court of record of another State,) and there was no plea under which evidence could have been introduced to countervail the legal effect of the judgment.offered in evidence by

the plaintiff, (pleas of general denial, and no such record,) we might reverse and render such judgment as the Court below should have rendered.

The Supreme Court will not hear evidence of the law of another State, although the cause may have been submitted to the Judge of the Court below, without a jury, and the want of such evidence is all that prevents the Court from reforming the judgment, instead of remanding the cause for another trial.

Appeal from Kaufman.    Tried below, before the Hon. John H. Reagan.

Suit by appellant against appellee, on a decree of the Circuit Court for the Seventh District, in and for the State of Mississippi, in the county of Tishamingo.  The defendant demurred, and pleaded general denial, and that there was no such record.  The parties waived a jury, and submitted the case to the Court.  The transcript of the proceedings and decree, when offered in evidence, was excluded ; what the ground of objection was, was not stated.  The transcript contained a bill, subpœna for the respondent returned executed, and proceedings in a suit in equity, in said Circuit Court, wherein the present plaintiff was complainant, and the defendant was respondent ; an interlocutory decree, *pro confesso*, that the respondent was indebted to the complainant, but, inasmuch as the amount of said indebtedness was not ascertained, a reference was ordered to a Commissioner, to state the account between the parties ; his report showing balance of $385 50 in favor of the complainant, and the following decree.  Be it remembered, that on the 27th day of September, A. D., 1848, came on to be heard the above stated case of Lewellen Patrick against Stephen O. Gibbs, before the Hon. Circuit Court of Tishamingo county, Mississippi, upon the report of Charles W. Williams, a Commissioner appointed at a former Term of this Court ; and there being no exceptions to said report, and it appearing to the satisfaction of the Court that the said Charles W. Williams, as such Commissioner, has in all things justly carried out the decree of the Court, made at a former Term thereof,

it is therefore ordered, adjudged and decreed, be, and the same is hereby approved, and in all things confirmed, and which is now signed, sealed, and ordered to be recorded this 27th day of September, A. D., 1848. (Signed by the presiding Judge.) Execution issued and levied on land, which was sold to complainant for $10, and return of no other property. No other evidence offered. Judgment for defendant.

The petition alleged that by the laws of Mississippi the decree bore interest at the rate of six per cent. per annum.

*R. A. Reeves* for appellant.

*John E. Cravens* for appellee. There are no operative words in the decree ; no judicial consequence is declared to attach to the facts ; there is no judgment rendered. (Shpb. Plead. 138 ; 3 Black. Com. 305 ; Hanks v. Thompson, 5 Tex. R. 6 ; Warren v. Shuman, Id. 450 ; Bradshaw v. Davis, 8 Id. 344 ; Ewing v. Kinnard, 9 Id. 109 ; Hancock v. Metz, 12 Id. 177.)

WHEELER, J. It does not appear by the bill of exceptions, upon what ground the record of the judgment recovered in Mississippi was excluded. But it is insisted for the appellee that it was rightly excluded, because, it is said, it does not show a final judgment, on which an action will lie.

It appears to be the decree of a Court exercising Chancery jurisdiction in the State of Mississippi. And it is held that a decree of a Court of Chancery is within the Constitution and Act of Congress, respecting the mode of authentication, and the effect of the records and judicial proceedings of the Courts of the respective States, when offered in evidence in the Courts of any other State. (Cow. and Hill's Notes on Phil. Ev., Part 2, Sec. 58 ; Barbour v. Watts, 2 Marsh. (Ky.), R. 292.) In order to determine the character and effect of the decree, it is

proper to look to the whole record. " In England the decree
" always recites the substance of the bill and answer, and plead-
" ings, and also the facts on which the Court founds its decree.
" But in America the decree does not, ordinarily, recite either
" the bill or answer, or pleadings ; and generally not the facts
" on which the decree is founded.  But with us the bill, answer,
" and other pleadings, together with the decree, constitute what
" is properly considered the record."  (Whiting v. The Bank, 13
Pet. 6 ; 3 Tex. R. 268 ; 4 Id. 356, 361.)   The report of the
Commissioner appointed by the interlocutory decree, to ascer-
tain the amount of the defendant's indebtedness, is made a part
of the record, and is confirmed by the final decree ; and, look-
ing to the whole record, there can be no doubt of the finality
of the decree, and no uncertainty as to the matter adjudged.
The validity and conclusive effect of a judgment does not de-
pend on the particular phraseology in which it is expressed.
Technical formality and legal precision, it has been said, need
not be preserved, if the judgment is expressed in language
which is significant in common understanding and parlance.
(2 C. & H. N. to Phil. Ev. p. 71.)  " In the absence of statu-
" tory or other regulation, (the Court said in Ordinary v.
" McClure, 1 Bail. 7,) each department of the Judiciary must be
" left to adopt and pursue its own formula in its proceedings ;
" because neither of them has the power to prescribe these mat-
" ters for the others.  With respect to matters of substance
" there are certain requisites, however, which equally apply to
" every jurisdiction, and without which legal proceedings would
" be useless and unnecessary.   In addition to the ordinary cir-
" cumstances of time and place, they should, for the most obvious
" reasons, exhibit the parties, the subject matter in dispute, and
" the result.   These facts being ascertained, the legal conse-
" quences follow of course, whatever be the phraseology used."
" And so, where in a suit in the Orphans' Court, by a distribu-
tee against the administratrix and her husband, for a distribu-
tive share, instead of a decretal declaration that the same was

due from the administratrix and her husband, and declaring out of what fund it should be made, the decree was, that so much was due by the estate, and it was objected to the decree, when offered in evidence in another suit, that it was incomplete, uncertain, and insufficient, inasmuch as it did not even declare the sum to be due by the defendants ; much less that they should pay it ; the Court held the objection rightly overruled, and the decree properly admissible. (Ib.) Looking to the whole record, it is perfectly clear that the decree is a final adjudication of the whole matter in litigation between the parties. It ascertains with precision and certainty the amount of the defendant's indebtedness; and nothing remains to be determined in that suit. It seems that it is a judgment which may be enforced in the State of Mississippi by execution, an execution having been issued upon it. That it is a final judgment will conclusively appear by reference to the opinion and decision of this Court in the cases of Merle and Andrews, (4 Tex. R. 206,) and Cannon and Hemphill, (7 Tex. R. 184.) We are of opinion, therefore, that the objection to the admissibility of the record in evidence is not tenable, and that it was erroneously excluded.

As a jury was waived, and there was no plea under which evidence could have been introduced, to countervail the legal effect of the judgment offered in evidence by the plaintiff, we might reverse, and render such judgment as the Court below should have rendered. But the plaintiff avers that he is entitled to interest by the laws of Mississippi ; and as there was no evidence offered to sustain the averment, the evidence to establish the principal debt having excluded it, it is manifest we could not give interest ; and the effect of giving judgment here upon the case as presented by the record, would be to defeat a right which the plaintiff may have to the recovery of interest. The judgment will therefore be reversed, and the cause remanded.

Reversed and remanded.