## SHERLEY v. SHERLEY. (No. 8597.)*

(Court of Civil Appeals of Texas. Dallas. Jan. 7, 1922. Rehearing Denied Feb. 11, 1922.)

**1. Divorce ⬅169—That ministerial act is necessary to give effect to judgment does not affect its finality.**

Where a judgment of divorce conforms to the pleadings, the nature of the case as made by the evidence, and secures to the parties the relief to which they are entitled and meets the requirements of Vernon's Sayles' Ann. Civ. St. 1914, art. 1994, it is not open to objection that it was not final because ministerial acts were necessary to give it effect.

**2. Divorce ⬅163—Correction of judgment at term by consent of parties same as if by motion.**

Correction of a judgment in divorce suit by the trial court in the presence of and with the consent of the parties must be treated as if entered on motion to reform and correct during the term rendered.

**3. Partition ⬅53—Court has power to appoint receiver in partition.**

Where a court acquired jurisdiction in a cause requiring performance of ministerial acts necessary to accomplish partition under Vernon's Sayles' Ann. Civ. St. 1914, art. 6111, it has power to appoint a receiver.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by A. E. Sherley against B. L. Sherley and by B. L. Sherley against A. E. Sherley and others. Motion by plaintiff A. E. Sherley to amend judgment in her favor in the first action consolidated with last-named action. Motion granted, and defendant B. L. Sherley appeals. Reformed and affirmed.

Wolfe, Freeman & Wolfe, of Sherman, and John Doyle and H. L. Davis, both of McKinney, for appellant.

Randell & Randell and Head, Dillard, Smith, Maxey & Head, all of Sherman, and Wallace Hughston, of McKinney, for appellee.

VAUGHAN, J. The transcript of the record and statement of facts filed in this appeal reveal the following history of the proceedings before us for review and revision:

On the 5th day of August, A. D. 1915, appellee, Mrs. A. E. Sherley, as plaintiff, filed her original petition in the district court of Collin county, Tex., against appellant, B. L. Sherley, for a divorce from the bonds of matrimony, the partition of their community property, attorney's fees, and for the care and custody of their minor children. This suit was No. 7494 on the docket of the district court of that county. An amended original petition was filed in said cause May 31, 1916, amplifying the allegations made in original petition and including some additional allegations not necessary to be here noticed.

Appellant, Sherley, defendant in said cause No. 7494, filed his amended answer therein on the 13th day of September, 1916, consisting, among other things, of special pleas alleging in effect that plaintiff and defendant had accumulated 17 different tracts of land, which constituted their community

property, describing each tract by metes and bounds, also certain personal property, listing and valuing same, and, further, that said community estate owed debts amounting to about $33,157.09; that all of said debts, together with the community property, was itemized and set out in an inventory and appraisement filed in said cause.

The trial court submitted the cause to the jury on special issues, and, on the answers to same, the court, on motion of the plaintiff in said cause 7494, rendered the following judgment (description of property being omitted):

"A. E. Sherley v. B. L. Sherley. No. 7494.

"Thursday, October 5, 1916.

"On this day came on to be heard the motion of the plaintiff A. E. Sherley, filed on October 5, 1916, praying the court to enter judgment upon the findings of the jury returned into this court on, to wit, October 4, 1916, and the court, having considered said motion, here now grants the same in all respects, and judgment is here entered accordingly, and the court doth here order, adjudge, and decree that the findings of fact returned by said jury in this case, and which were returned into open court on the 4th day of October, 1916, be, and the same are hereby, in all things approved, which said findings of fact on the issues submitted to the jury are substantially as follows:

" 'First. Has defendant been guilty of the several acts of cruel treatment, or of any or either one of them alleged by plaintiff in her petition? Answer: Yes. D. E. Henslee, Foreman.

" 'Second. If so, were such acts or acts of cruel or ill treatment on the defendant's part, if any, toward the plaintiff, of such nature as to render her living with him longer as his wife insupportable? Answer: Yes. D. E. Henslee, Foreman.

" 'If you answer the second question in the negative, you may return your verdict to the two questions above and you need not consider the case further; but, if you answer said questions in the affirmative, then you will make answers to the following questions or issues.

" 'Third. By an agreement made in open court the homestead of the parties at the time of the separation consists of 201 acres described in the homestead designation read in evidence less 1.69 acres on the east side, and you need not consider this matter.

" 'Fourth. State what property was the separate property of the defendant. Answer: Tract No. 12, 62½ acres; tract No. 13, 39 acres—As set out in plaintiff's petition. D. E. Henslee, Foreman.

" 'Fifth. State what property was the community property. Answer: Tracts Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, and 15, and all other property as set out in plaintiff's petition. D. E. Henslee, Foreman.

" 'Sixth. * * *

" 'Seventh. State what is a reasonable amount to allow plaintiff for her attorney's fees, not to include anything paid for partitioning the property. Answer: $1,500. D. E. Henslee, Foreman.

" 'Eighth. Was it necessary and proper for her to employ counsel? Answer: Yes. D. E. Henslee, Foreman.'

"The court doth therefore order, adjudge, and decree that the plaintiff, A. E. Sherley, be, and she is hereby, granted a divorce absolutely from the defendant, B. L. Sherley, on the ground of cruel treatment.

"The court doth further order, adjudge, and decree that the homestead of plaintiff and the defendant at the time of the separation and at the time of the filing of this suit was and now is the following described tract of land: [Here follows the description of two tracts of land constituting the homestead.].

"The court doth further order, adjudge, and decree that tract No. 12, as set out in the plaintiff's original petition, be, and the same is hereby, adjudged to be the separate property of the defendant, B. L. Sherley, said tract described as follows: [Here follow field notes of tract No. 12.]

"The court doth further order and decree that tract No. 13 described in plaintiff's first amended original petition be, and the same is hereby, adjudged to be the separate property of defendant, which said tract is described as follows: [Here follow the field notes of tract 13.]

"It being agreed in open court by both the plaintiff and defendant that tract No. 11, as set out in plaintiff's first amended original petition, is described as follows: [Then follow the field notes of tract No. 11]—is the separate property of the defendant, and decreed to be the separate property of the defendant.

"The court doth further order, adjudge, and decree that the tracts of land numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 14, and 15, and all other property belonging to the parties, be, and the same is hereby, adjudged and established to be the community property of the plaintiff and the defendant. The real property being described as follows: [Then follow the field notes to 15 tracts of land adjudged to be community property.]

"The court doth further order, adjudge, and decree that the following personal property, as well as all other property owned by either party to this suit, except tracts Nos. 11, 12, and 13 heretofore referred to, be, and the same is hereby, established as the community property of the plaintiff and defendant, to wit: [Then follows the description of various items of personal property, mules, horses, farming implements, etc.] Also the following property: [Here follows the description of shares of stock in various corporations.] Also the following described property, all being notes: [Then follows the description of about 30-odd notes, giving the amount, date, due date, etc., with names of parties owing same.] It being understood that the amount due on February 14, 1916, the date of the filing of the auditor's report in this case.

"The court doth further order, adjudge, and decree that there are due by the defendant the following debts, which are community debts: $500 and interest thereon, due A. Sherley and brother by note dated February 12, 1912; also two notes for $622.30 each and interest; also note for $150 due A. Sherley and brother; also a note for $1,360 due E. E. Cox; also a debt for $40 due A. Sherley and brother; also

a debt of $736.25 due L. A. Scott; also a debt of $371.21 due A. Sherley and brother; also a debt of $45 due H. G. Hudson—all of which are secured and which bear interest as shown by each obligation.

"The court doth further order, adjudge, and decree that there is a debt due by defendant for $8,890, and interest as shown by the said note to A. Sherley, which is a vendor's lien on the tract of land of 161.62 acres described in the petition as tract No. 2. Also there is a debt of $7,000 with interest as shown by said note due the Union Central Life Insurance Company, which is secured by a mortgage on the 120-acre tract of land designated as tract No. 7 and all of tract No. 6, except 40 acres of tract No. 6 embraced in the homestead of the parties.

"The court doth further order, adjudge, and decree that there is a debt of $3,750, with interest as shown by said note due the Fort Worth Bank & Trust Company secured by a pledge of 27 shares of stock in the Continental Bank & Trust Company, and by mortgage on land described as tract No. 1 in this judgment, and on land described as tract No. 3 in this judgment, and on the land described as tract No. 5 of this judgment, and on the tract described as tract No. 11 in this judgment, and on the tract described as tract No. 14 in this judgment.

"The court doth further order, adjudge, and decree that there is a debt due the British Bonding & Mortgage Company of $2,000, and it is secured by mortgage on tract No. 12 in plaintiff's petition, containing 62½ acres of land; also that the debt of $5,000, with interest as shown by said note due the British American Mortgage Company secured by mortgage on tract No. 8 in this judgment, containing 148 acres, and on tract No. 9 of 100 acres, and on tract No. 10 or about 2½ acres, as described in this judgment.

"It is further the judgment and decree of the court that the amount of money now on deposit in the First National Bank of McKinney, Tex., in the sum of $1,823.10, and any other moneys in any other bank to the credit of plaintiff or the defendant, be, and the same is hereby, declared to be community property of the parties to this suit.

"The court further orders, adjudges, and decrees that plaintiff, A. E. Sherley, do have and recover of and from the defendant, B. L. Sherley, the sum of $1,500, with interest from this date at 6 per cent. per annum, and that she may have her execution therefor, this being the amount of attorney's fees allowed her in the findings of the jury.

"It is further adjudged and decreed by the court that the homestead tract * * * is hereby set aside to the plaintiff, A. E. Sherley, for the year 1917, and she shall have all the use of it and all the crops on it for that year, but the receiver may proceed to sell the same as the other property, except he shall not give possession to the purchaser until the 1st day of January, 1918.

"It is further the judgment, sentence, and decree of this court that the tract of land hereinbefore adjudged to be the homestead of the parties be, and the same is hereby, set aside to the plaintiff for the use and benefit of herself until the 31st day of December, 1917, and said homestead shall not be partitioned between the plaintiff and the defendant until the 31st day of December, 1917, without consent of both plaintiff and defendant.

"It is further the judgment, sentence, and decree of this court that the care, custody, control, education, and maintenance of Ferdinand Sherley, the minor son of the plaintiff and defendant, be, and the same is hereby, awarded to the plaintiff, A. E. Sherley, but the defendant shall have the right and an opportunity shall be afforded him to visit said Ferdinand Sherley at all reasonable times and under reasonable conditions.

"The parties to this suit having agreed in open court that the real estate and personal property belonging to the parties are incapable of partition of kind and all of the land except the homestead and the land in Dimmitt county, Tex., being incumbered, and the parties further agreeing that a receiver shall be appointed in this case to take charge of such property, and the parties further agreeing that it will be necessary for a fair partition of all of said property to have the same sold, and that a necessity for a receiver exists, the court doth therefore order, adjudge, and decree that said lands and property are not susceptible of partition in kind, and here now appoint H. A. Finch as receiver, he being agreed upon by both parties hereto, such receiver to take charge of all the property belonging to the parties to this suit, except the tracts of land hereinbefore decreed to be the separate estate and property of the defendant, and he shall proceed to sell the same for cash at private sale, either in bulk or in parcels as to him may seem best, and he shall have the power to sell any of the lands subject to the incumbrance against the same. He shall also give the parties to this suit the preference to buy such property, provided either one shall give as much as any outside person, and he shall make report to this court from the sales and collection made by him from time to time, and his final report, showing all of his action, shall be made on or before the first day of the next term of this court, unless the time for making such sales and such final report shall be extended. He shall also have the right to collect any debts due the community estate of the plaintiff and defendant, and shall have the right to receive and receipt for any and all rents which may be due, and shall have the right to collect any debts due of every character to the community estate, and if reasonably necessary he shall have power to institute suit upon any claim due the said community estate; in short, he is given the full power and authority to manage said community estate and deal with it to the same extent as if the same were his own property and likewise to make such rental contracts for the year 1917.

"All costs of this suit are taxed against the property of the defendant, except the costs of the auditor, and the stenographers, Ran McDonald and Cora Franklin, and all costs to be incurred by the appointment of the receiver hereinbefore agreed upon which shall be borne equally by the plaintiff and defendant, and all persons having possession of any of the property belonging to the community estate of the parties are here ordered to deliver the same to said H. A. Finch, receiver, and the clerk of

the court shall make out two certified copies of this judgment, one to be filed with the clerk of the county court of this county, the other delivered to the receiver H. A. Finch, and, if this plaintiff should be compelled to pay any portion of the costs, she may have her execution against the defendant for such costs that she may be required to pay.

"The officers of this court shall have execution for all costs due them."

On the 13th day of December, 1917, appellee, Mrs. A. E. Sherley, caused execution to be issued on the judgment rendered in said cause No. 7494 to collect the $1,500 awarded to her in said judgment as attorney's fees, and $614.75 costs incurred in said suit. Said execution was by the sheriff of Collin county on the 13th day of December, 1917, levied on the property described in the sheriff's return, same being the separate property of appellant, B. L. Sherley. Said execution was returned without sale on the 31st day of January, 1918, on account of the writ of injunction restraining the sheriff of Collin county from selling said lands, granted and issued on the petition of appellant filed in the district court of Collin county January 30, 1918, and being numbered and styled on the docket of said court No. 7978, B. L. Sherley v. Mrs. A. E. Sherley et al. In the petition filed by B. L. Sherley asking for such injunction it was alleged that the judgment of the district court of Collin county in cause No. 7494 was not a final judgment, and also by virtue of an agreement which plaintiff claimed such judgment had been by her compromised and settled. By mutual consent the judge of the district court of Collin county, Hon. F. E. Wilcox, being disqualified, said causes No. 7494, styled A. E. Sherley v. B. L. Sherley, and No. 7978, styled B. L. Sherley v. A. E. Sherley et al., were transferred to the district court of Grayson county, said cause No. 7494 taking the number of 28538 and said cause No. 7978 taking the number of 28465 on the docket of the district court of Grayson county.

On the 4th day of December, 1920, plaintiff, B. L. Sherley, filed in said cause No. 28465 his second amended original petition setting up facts relied upon by him as showing that the judgment rendered in the district court of Collin county on October 5, 1916, in cause No. 7494 on the docket of said court (being No. 28538 on the docket of the district court of Grayson county) was not a final judgment, in that it did not and does not dispose of all the issues raised by the pleadings in said cause, and did not judicially ascertain and determine or adjudicate the property rights of the parties to said suit in a definite and conclusive manner, and that it did not ascertain and determine how much or what part of said community estate plaintiff should have, or what part defendant should receive, and because the judgment did not purport to dispose of the proceeds of the sale or sales which the receiver named in said judgment was authorized to make, or determine how or when the same should be received by the parties, or to whom the same should be paid or delivered, and because the judgment, after establishing the existence of debts, nowhere provided for their payment, some of which debts were found to be liens against certain community lands, and others against certain lands belonging to the separate estate of B. L. Sherley, and because said judgment did not settle, except as to a small portion of said debts, as to whether they were against the community or against B. L. Sherley individually, or whether they were to be paid out of the community property or the separate property of B. L. Sherley; and by implication and intimation and by mention of a part of said debts, being community debts, it was indicated that the balance of said debts, which were by far the greater part of same in amount, were debts of the defendant, B. L. Sherley, and were to be paid out of his separate estate, and because said judgment was uncertain and ambiguous in its terms, and so written that it was impossible to determine just what was by the court adjudged or what judgment the court actually intended to render.

On the 12th day of November, 1920, appellee, Mrs. A. E. Sherley, filed her motion to correct and amend the judgment of date October 5, 1916, rendered by the district court of Collin county in cause No. 7494 (being numbered 28538 on the docket of the district court of Grayson county). She prayed for judgment amending and correcting the judgment of the district court of Collin county so as not only to make it final, but so as to show that all the debts therein found were community debts, and that the court inquire into the present state of the indebtedness as to what part had been paid and the amount of property still on hand and what property had been disposed of, how it had been disposed of, and by whom, for the appointment of a receiver, and for such further orders as were necessary to carry out the decree.

Under the view we take of the case, it is not necessary to notice the additional pleadings filed by the parties.

On the 27th day of December, 1920, said causes 28538 and 28465, having been consolidated by the court, and as a consolidated cause, were, in connection with the motion filed in said cause 28538 to correct and amend the judgment of the district court of Collin county rendered in cause 7494, heard by the court, and judgment was entered correcting and amending said judgment. Said judgment so entered determined that the judgment rendered by the district court of Collin county in cause No. 7494 was not a final judgment as entered on the minutes

of said court, "in that it is ambiguous in failing to show whether a part or all of the debts scheduled were the community debts of A. E. Sherley and B. L. Sherley," and then proceeds to specifically declare all of the debts contained in said original judgment to be community debts, and adjudging and decreeing "that all of the said community debts shall be paid out of the proceeds of the sale of community property except as that may be assumed by the purchasers of the land under the provisions of this decree." By the remaining portion of the decree as entered by the district court of Grayson county, J. L. Franklin, of McKinney, was appointed receiver vice H. A. Finch, he having resigned, and defines the powers and duties conferred on such receiver to be performed in order to carry out the judgment of partition, fixes the amount of bond, provides for the receiver to make reports of his acts and conduct as such in due time to the court, dissolves the injunction granted in cause 28465, and adjudges costs of the litigation between the parties.

[1] Our investigation of the authorities in considering the many propositions presented by briefs of appellant and appellee has led us to the conclusion that the judgment entered by the district court of Collin county on the 5th day of October, 1916, is not an interlocutory, but is a final decree, disposing of all of the matters in controversy between the respective parties, which holding necessarily sustains appellee's first proposition under her first and second cross-assignments of error. The suit involved: (1) The dissolution of the bonds of matrimony existing between appellant and appellee; (2) the partition of the community property owned by appellant and appellee; (3) the ascertainment of the debts due by the community; (4) provision for the payment of community debts; (5) separate property rights to be ascertained and protected; (6) the custody of minor children; (7) plaintiff's claim for attorney's fees; and (8) awarding and taxing costs.

While the judgment is rather loosely drawn, and not by any means one to be commended to the profession as a model, yet, when analyzed so as to give effect to the language employed, we have found same to be in conformity with the pleadings, the nature of the case as made by the evidence, and so framed as to secure to the respective parties all the relief to which they are each entitled at law or in equity, which meets the requirements of article 1994, Vernon's Sayles' Civil Statutes, regulating the manner in which judgments shall be framed.

Now, applying the text to said judgment, we have the following results: (1) The bonds of matrimony theretofore existing between appellant and appellee dissolved. (2) The property claimed by appellant as his separate property ascertained and set apart to him as such. (3) The community property owned by appellant and appellee ascertained and duly established, their rights as fixed by law being determined by the decree, viz. each owning and being entitled to an undivided one-half. (4) The debts were all ascertained. The words of the decree, "The court doth further order, adjudge, and decree that there is due by the defendant the following debts, which are community debts," controls and defines the character of all of the debts contained in said decree, it not being necessary to use the words "which are community debts" in connection with the several items of indebtedness listed in order to ascertain the fact that the court had adjudged the indebtedness referred to as debts due "by the defendant" to be community debts and, as such, payable out of the community estate, no language being employed in the decree to indicate any other disposition of such indebtedness. (5) The separate property owned by appellant was ascertained and adjudged to him. (6) Attorney's fees in the sum of $1,500 were adjudged to appellee against appellant. (7) The custody of the minor child was given to appellee. (8) All costs were taxed against appellant, except the costs of the auditor and the stenographers, and all costs to be incurred by the appointment of receiver were adjudged to be borne equally by the appellant and appellee. The parties agreed in open court that the real estate and personal property belonging to appellant and appellee was incapable of partition in kind, and agreed that a receiver should be appointed to take charge of the property, etc. As shown by the decree, the receiver was authorized to take charge of all property, make sales, collect debts, and to make due report of his acts and conduct to the court. The fact that in order to complete the partition as decreed by the court, it was necessary to sell property by the receiver, for report of such sales to be made, money paid into the registry of the court, and the community debts to be paid out of the proceeds arising from the sale of such community property, and the residue of such sales to be divided under the supervision of the court between appellant and appellee, who are entitled to receive an equal portion thereof, did not prevent the judgment of partition as entered from being a final judgment, as all of such acts and proceedings were only necessary to enforce and consummate the terms of the decree of partition. In other words, ministerial acts to carry out a judicial determination through the agency of a receiver, an officer of the court. In support of this, we quote from the opinion rendered by Chief Justice Hemphill in the case of Cannon v. Hemphill, 7 Tex. 190–194:

"Having determined that this entry constitutes a judgment, and is not a mere unofficial

agreement, the next inquiry is as to its rank or quality, whether it be interlocutory and entirely within the subsequent control of the court, or whether it be final in its nature, and conclusive on the rights of the parties, if not reversed in the ordinary processes of revision, prescribed by the law.

"The character of the judgment must be tested by its operation on the objects sought to be attained by the proceeding. If the cause be determined on its merits, if the rights controverted between the parties be settled, the decree will be final, although ulterior proceedings to carry the judgment into effect may be required. The petition in the cause alleges that the complainants were the sole heirs of the deceased; and by averment they impeach a decree of the probate court in relation to a league of land, a portion of the estate of the deceased, and pray that the said decree be annulled, and the tract of land be surrendered to them, and that they be paid the rents and profits accruing.

"The matters in controversy were as to the illegality and fraud of the judgment of the county court, and the rights of the parties respectively to the land in question.

"The decree, in terms, disposes of the rights of·the parties, in the land, and, in effect, and by· necessary intendment, annuls the decree of the probate court to the extent of its operation on this specific portion of the succession.

"The invalidity of the act of the probate court was the ground on which rested the jurisdiction of the district court over the subject-matter. This was specially set forth in the pleadings; and the judgment, contravening, as it did, in ·every essential particular, the decree of the ·probate court, must necessarily, and as an essential ingredient of the jurisdiction which it exercised, vacate and render void the decree of the county court."

The following authorities are in support of the conclusion reached by us as to the finality of said judgment:

Patrick v. Gibbs, 17 Tex. 275, in which the following language is used:

"The validity and conclusive effect of the judgment does not depend upon the particular phraseology in which it is expressed. Technical formality and legal precision, it has been said, need not be preserved, if the judgment is expressed in language which is significant in common understanding and parlance. * * * 'With respect to matters· of substance, there are certainly requisites, however, which equally apply to every jurisdiction, and without which legal proceedings would be useless and unnecessary. In addition to the ordinary circumstances of time and place, they should, for the most obvious reasons, exhibit the parties, the subject-matter in dispute and the result. These facts being ascertained, the legal consequences follow of course, whatever be the phraseology used.' "

Spiva v. Williams, 20 Tex. 442, in which it is said:

"The very object of a suit is to adjudicate and declare the respective rights of the parties, in a shape so that the ministerial officers ·can with certainty carry into execution the judgment of the court, without the ascertainment and determination of additional facts."

Garza v. Baker, 58 Tex. 483; Texas & Pacific Ry. Co. v. Ft. Worth Street Ry. Co. et al., 75 Tex. 82, 12 S. W. 977; Trammell et al. v. Rosen, 106 Tex. 132, 157 S. W. 1161; Creosoted Wood Block Paving Co. v. A. C. McKay et al., 234 S. W. 587.

[2] In reference to the interlineation "which debts are community debts as follows," written in the judgment after same had been entered in the minutes, said correction was made by the trial judge in the presence and at the request of appellant, B. L. Sherley, as well as in the presence of one of the attorneys for appellee who assented to such change; appellant and said attorney for appellee agreeing at said time that all the debts listed in the judgment as entered were community debts. This correction was made while court was in session and during the same term at which the judgment was rendered. Therefore we conclude that the correction as made must be treated as if same had been entered on motion to reform and correct the judgment during the term at which same was rendered. Especially so as appellant is the only one who now questions the validity of such change, same having been made under the above circumstances and at his instance and request.

As said in the case of Harmon v. Bynum, 40 Tex. 324:

"During the term of court the judge has the legal right to alter or set aside, on a proper proceeding, the judgments, orders, or decrees of the court over which he is presiding, and no verbal statement or entry on the minutes is necessary to the exercise of this power."

We are of the opinion, and so hold, that the change in the judgment above set out was made on proper proceedings, to wit, the agreement of the parties thereto in open court at the term at which the judgment was rendered; the change being made by the judge who tried the case and rendered the judgment.

[3] The original decree of partition entered in said cause No. 7494 appointed a receiver to take charge of and make sale of the community property owned by appellant and appellee. The original trial court thereby called to its aid a receiver to perform the ministerial acts necessary to accomplish the final partition of the estate. Therefore, on the resignation of the receiver appointed by said judgment, the district court of Grayson county, having acquired full jurisdiction over said cause by the transfer of same, had the inherent power and authority to appoint another receiver and to confer upon said receiver such power and rights necessary to perform the ministerial acts essential to effect the division of property between appel-

lant and appellee as required by the judgment of partition. Article 6111, Vernon's Sayles' Texas Civ. R. S.; Moore v. Blagge, 91 Tex. 151, 38 S. W. 979, 41 S. W. 465; Kalteyer v. Wipff, 92 Tex. 673, 52 S. W. 63; White v. Mitchell, 60 Tex. 164; Petrucio v. Seardon, 76 Tex. 639, 13 S. W. 560, in which it is stated:

"The decree of partition being in full force, nothing remained for the court to do but to give it effect by having the partition made in conformity with the directions given in the decree."

'The conclusion we have reached necessarily results in overruling all the assignments of error presented by appellant and in holding that the trial court erred in its decision to the effect that said decree of partition rendered in said cause 7494 was not a final judgment, and in this respect said judgment will be reformed and affirmed. All costs incurred on this appeal are adjudged against appellant.

Reformed and affirmed.