# Supreme Court of Texas

No. 20-0439

In the Matter of the Guardianship of May K. Jones,
an Incapacitated Person

On Petition for Review from the
Court of Appeals for the Second District of Texas

**PER CURIAM**

In this bill-of-review proceeding, we must determine whether a trial court order dismissing a bill-of-review petition is final and appealable. The court of appeals held that the order is interlocutory because the trial court failed to include decree-like language adjudicating and disposing of the petition. This was error. The order disposes of all claims and parties, states it is a "final order," and declares that the legal effect of granting the motions to dismiss is "[t]he dismissal of the Bill of Review filed in this case[.]" Decretal language is not lacking, and the order is final. We therefore reverse the court of appeals' judgment dismissing the appeal for want of jurisdiction.

May Jones, an elderly woman suffering from dementia, is the subject of a guardianship contest among her daughters. Petitioners Kathy Jones-Hospod and Judy Jones are on one side, and respondents

Ellen Smith and Patricia Peacock are on the other. After a trial, the probate court found that May was totally incapacitated and appointed Ellen as her permanent guardian.[1] Judy did not appeal, and Kathy's appeal was unsuccessful.

Kathy and Judy later petitioned for equitable and statutory bills of review to void several prior probate court orders based on extrinsic fraud, due-process violations, noncompliance with the rules of evidence, and violations of various Texas Estates Code provisions. In separately filed motions, May's guardian ad litem and Ellen and Patricia moved for dismissal of the petition for bill of review on the basis that subject-matter jurisdiction was lacking in the probate court. Ellen and Patricia also sought sanctions for the filing of frivolous and harassing pleadings.

After a hearing, the probate court issued an order granting the dismissal and sanctions motions and imposing monetary sanctions on Kathy, Judy, and their attorney. The order, which was styled "Order Granting Sanctions and Dismissing Case," disposed of the dismissal motions and petition for bill of review as follows:

> IT IS FURTHER ORDERED that Ellen Smith's and Patricia Peacock's Motion to Dismiss filed on October 30, 2017 is GRANTED.
>
> IT IS FURTHER ORDERED that Guardian Ad Litem's Motion to Dismiss filed on July 6, 2018 is GRANTED.

---

[1] Because several parties share a surname, we refer to all parties by their first names to avoid confusion.

2

IT IS FURTHER ORDERED that Guardian Ad Litem's Motion to Dismiss for Lack of Jurisdiction filed on October 2, 2018 is GRANTED.

A separate order containing the Court's findings of fact and conclusions of law will be entered.

***The dismissal of the Bill of Review filed in this case*** does not preclude further action of this Court in relation to the Recusal Sanctions Order or the Sanctions awarded in this Order.

All relief not expressly granted herein is denied. ***This order is a final order***.[2]

The probate court subsequently issued findings of fact and conclusions of law determining, among other things, that the bill of review was a direct attack on the court of appeals' prior judgment disposing of the same issues and the probate court had no authority to set aside that judgment by bill of review. Dismissal of the bill-of-review petition for want of subject-matter jurisdiction left no issue remaining for adjudication in that proceeding.

Kathy and Judy appealed the dismissal and sanctions order, but the court of appeals did not reach the merits of the appeal. Rather, after sua sponte questioning its jurisdiction over the appeal, the court held that the probate court's order was interlocutory and not appealable. ___ S.W.3d ___, 2020 WL 1887845, at *1-2 (Tex. App.—Fort Worth Apr. 16, 2020). The court took note of language in the order stating it is "final" and expressly granting the motions to dismiss but nonetheless

---

[2] Emphases added.

3

concluded that the order is not actually final because it does not include decretal language such as "ordered, adjudicated, and decreed" to dispose of the petition for bill of review. *Id.* at *2 (quoting *In re Wilmington Tr., Nat'l Ass'n*, 524 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2017, no pet.)).

In the proceedings below, the parties disagreed on the jurisdictional issue, *id.* at *1, but both sides now maintain that the order is final and appealable. We agree and, on that basis, reverse and remand for consideration of the merits. In doing so, we do not address the respondents' alternative argument that the court of appeals properly dismissed the appeal because the trial court lacked jurisdiction to grant the relief the petitioners requested in the petition for bill of review. That argument implicates the merits-based issues the court of appeals did not reach.

Whether an appellate court has jurisdiction to determine the merits of an appeal is a question of law, which we review de novo. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). "[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In cases in which only one final judgment can be rendered, *Lehmann* distinguishes between judgments issued after a conventional trial on the merits and those rendered without one, such as default judgments, summary judgments, and dismissals by nonsuit or plea to the jurisdiction. *Id.* at 199-200. In such cases, a judgment rendered without a conventional trial on the merits is not final unless (1) it actually

4

disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so. *Id.* at 205; *see In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018). Talismanic phrases are not required or dispositive, but "[a] statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention." *Lehmann,* 39 S.W.3d at 206. If the order contains a "clear and unequivocal" finality phrase disposing of the entire case, the order is final, and the failure to actually dispose of all claims and parties renders the order erroneous but not interlocutory. *Elizondo*, 544 S.W.3d at 828.

Probate and guardianship proceedings present "an exception to the 'one final judgment' rule[.]" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann,* 39 S.W.3d at 192). "[I]n such cases, multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* This exception reflects the necessity of reviewing "'controlling, intermediate decisions before an error can harm later phases of the proceeding[.]'" *Id.* (quoting *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied)). For probate and guardianship proceedings, *Crowson v. Wakeham* establishes the test for finality. There we explained that an order disposing of all issues and all parties "in the phase of the proceeding for which it was brought" is final and appealable even when the proceeding remains pending as to other issues. 897 S.W.2d 779, 783 (Tex. 1995).

In guardianship cases, the Texas Estates Code authorizes an "interested person" to file a bill of review to "revise[] and correct[]" "an

order or judgment . . . on a showing of error . . ." and further provides that "[a] final order issued by a probate court is appealable to the court of appeals." TEX. EST. CODE §§ 1022.001(c), 1056.101(a). Here, the parties agree that the probate court's order is final and appealable, but they disagree whether disposition of a petition for bill of review in a guardianship case is a separate proceeding governed by the one-final-judgment rule or a discrete phase of a guardianship proceeding falling under an exception to that rule. For that reason, they dispute whether finality is determined under *Lehmann* or *Crowson*; however, the distinction is immaterial to the disposition of the jurisdictional question presented here.

*Crowson* and *Lehmann* differ as to *when* an order becomes final and appealable: upon the conclusion of a discrete phase of a guardianship proceeding or with rendition of a single final judgment. *Lehmann*, 39 S.W.3d at 205; *Crowson*, 897 S.W.2d at 783. But under both standards an order that actually disposes of all issues and parties at the relevant stage of the proceedings is final.[3] Because the probate court's order does so, it satisfies the standard for finality under either *Lehmann* or *Crowson*.

---

[3] *Compare Lehmann*, 39 S.W.3d at 205 ("[A]n order can be a final judgment for appeal purposes even though it does not purport to be if it actually disposes of all claims still pending in the case."), *with Crowson*, 897 S.W.2d at 783 (absent an express statute controlling finality of a phase of probate proceedings, "if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory").

The court of appeals did not hold that the probate court's order failed to include all parties and claims with respect to the petition for bill of review, as the order clearly did so. Rather, the court held that the order was interlocutory because it merely granted the motions to dismiss without adjudicating the petition for bill of review. 2020 WL 1887845, at *1, *3. In the court of appeals' view, the order failed to include decretal language actually disposing of the petition. *Id.* at *1 (quoting *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) ("An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing.")). In reaching this conclusion, the court of appeals overlooked language in the probate court's order stating that the legal effect of granting the dismissal motions was dismissal of the petition for bill of review.

"Decretal" refers to language granting or denying the remedy sought, *State v. Reagan Cnty. Purchasing Co.*, 186 S.W.2d 128, 134 (Tex. Civ. App.—El Paso 1944, writ ref'd w.o.m.), which in this case was dismissal of the bill-of-review petition. While the probate court's order does not announce the petition's disposition with words like "ordered, adjudicated, and decreed", the order not only grants the motions to dismiss but also expressly states it is a "final order" that constitutes "the dismissal of the Bill of Review filed in this case[.]" Neither "[t]echnical formality" nor "particular phraseology" are required for finality so long as "the judgment is expressed in language which is significant in common understanding and parlance." *Patrick v. Gibbs*, 17 Tex. 275, 278 (1856). The probate court's order meets that standard. And because the order actually disposes of all parties and claims with respect to the

petition for bill of review, either viewed as a separate proceeding or as a discrete phase of the guardianship proceeding, the order was final and appealable.

Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and remand to that court for further proceedings. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** September 17, 2021