SUSAN M. WHITE ET AL. v. MARY T. MITCHELL ET AL.

(Case No. 1436-4526.)

1. FINAL JUDGMENT.— A judgment determining the rights of the parties to a proceeding to recover land and for partition, and which appoints commissioners to make partition in accordance with its provisions, is a final judgment from which an appeal may be prosecuted.

2. PRACTICE — APPEAL.— When notice of appeal from such a judgment was given, and a statement of facts made out and filed, but no appeal bond was filed until nine months thereafter, and afterwards all the steps were taken by the same party to perfect an appeal from a judgment afterwards rendered, confirming the report of the commissioners in partition, assignments of error relating only to the first judgment will be disregarded, it being conclusive of the rights adjudicated thereby, and the appeal as to that judgment dismissed.

3. SAME.— When the first judgment which determined the rights of the parties established the right of the surviving widow to " one hundred and forty acres of land, to be taken out of the eastern portion of said survey, so as to in-

clude the improvements on the same;" and the claim set up by the surviving widow was for a homestead interest in the entire tract, a judgment afterwards rendered upon the coming in of the report of the commissioners, which gave her the one hundred and forty acres, including improvements, but not including the dwelling-house, was error requiring a reversal.

APPEAL from Tarrant. Tried below before the Hon. A. J. Hood.

Suit by Susan White and others against Mary T. Mitchell, as administratrix of the estate of Samuel Mitchell, to recover an interest in land and for partition. Mary T. Mitchell claimed homestead rights as surviving widow, etc. The case will be understood from the opinion and statement in syllabus.

*M. D. Priest*, for appellants.

*J. F. Cooper*, for appellees.

STAYTON, ASSOCIATE JUSTICE.—The judgment of June 14, 1881, determined the rights of the respective parties in the three hundred and twenty acres of land of which partition was sought. That judgment was final in its character. Merle v. Andrews, 4 Tex., 200; Cannon v. Hemphill, 7 Tex., 184; McFarland v. Hall, 17 Tex., 690.

An appeal might have been prosecuted from that judgment, and this seems to have been recognized by the parties plaintiff, for, after their motion for a new trial was overruled, they gave notice of appeal, and caused a statement of facts to be made out and filed; yet they filed no appeal bond until the 11th March, 1882. This was too late to perfect their appeal, and in so far as they now seek a revision by appeal of the judgment of June 14, 1881, their appeal must be dismissed, and as the case is presented, that judgment must be held conclusive of the rights of the parties.

The judgment confirming the report of the commissioners appointed at a former term of the court to partition the land in accordance with the former judgment was rendered on the 7th January, 1882, and both parties gave notice of appeal therefrom, and filed appeal bonds within proper time, but the assignments of error filed by the plaintiffs relate only to the judgment of June 14, 1881; hence they cannot be considered, that judgment not being properly before us for revision.

The judgment of June, 14, 1881, established the right of Mary T. Mitchell to have " one hundred and forty acres, to be taken out of the eastern portion of the said survey so as to include the improvements

on the same." The judgment entered upon the report of the commissioners gives to her one hundred and forty acres of land off of the eastern end of the survey; but the land so set apart to her does not cover the dwelling-house and perhaps some other improvements. The bill of exceptions shows that one hundred and forty acres of land might have been set apart to her off of the eastern portion of the survey, so as to include the improvements. Mrs. Mitchell filed objections to the report of the commissioners, which, among other things, set up that the land set apart to her thereby did not embrace the improvements in accordance with the former judgment. Her objections were overruled, and judgment entered in accordance with the report, and she assigns this, among other things, as error.

As before said, the judgment of the former term was final and could not be altered by the court at a subsequent term. The claim set up by Mrs. Mitchell was for homestead in the interest of her deceased husband, and not for an interest in some part of the tract, without reference to the use to which it had been formerly appropriated.

The first judgment declared and determined that, in partition, the interest which she should receive could and should be so set apart to her as to embrace the improvements upon the tract, of which, with reference to the homestead use, none could be more important than the dwelling-house which had been the home; yet the report of commissioners and judgment thereon gave to her a tract which did not include this improvement. This was error for which the judgment must be reversed.

The other assignments of error relate to irregularities in the proceedings subsequent to the former judgment, and will not probably arise in the proceedings which it will be necessary to prosecute in the further disposition of the case, and it is therefore unnecessary to consider them.

The statute provides for a trial and judgment upon the coming in of the report of commissioners appointed to make partition, and we are of the opinion that such a judgment is a final judgment within the meaning and spirit of the law from which an appeal may be prosecuted. Renn v. Samos, 42 Tex., 104; Scott v. Allen, 1 Tex., 508.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 16, 1883.]