### EMMA SCHEINER v. D. M. A. PROBAND.

#### No. 6177.

**Partition—Final Judgment.**—In a suit for partition the action of the court which ascertains the rights of the parties in the property sought to be partitioned, with order appointing commissioners to make the partition, is the final judgment. An appeal from the order of the court upon the report of the commissioners, the record not showing a final decree, will not open the question as to the legality of the first or final judgment.

APPEAL from Bexar. Tried below before Hon. G. H. Noonan. The opinion states the case.

*Henry E. Vernor,* for appellant.

*T. G. Pray,* for appellee.—Counsel discussed the merits of the entire case.

GAINES, ASSOCIATE JUSTICE.—This suit was brought in the court below by appellee against appellant to establish title in an undivided one-third interest in a certain lot in the city of San Antonio and for partition. The petition alleged that the defendant Mrs. Scheiner was the owner of the other undivided two-thirds not claimed by the plaintiff. It is to be inferred from the transcript filed in this court that upon the hearing a judgment was rendered which adjudged that plaintiff was entitled to the one-third interest claimed by her, decreed a partition, and appointed commissioners to make a division in accordance with the decree. This judgment does not appear in the record and there is nothing to show when it was rendered. On the 6th day of March, 1886, a judgment was entered which made a partition of the lot and adjusted the question of rents and improvements between the parties. This latter judgment recited that a decree of partition had theretofore been made, the report of the commissioners to make partition had been rejected, and the commissioners discharged, and that the parties by stipulation filed had submitted the matters in controversy to the court. The petition was filed March 19, 1884, and the defendant's last answer, incorrectly styled a supplemental answer, June 12, 1885. It appears therefore that the judgment settling the title may have been rendered at a term preceding that at which the decree making the partition was entered. It is from the latter decree that this appeal is prosecuted.

Upon this state of the record the question presents itself whether or not in the absence of the first judgment we can revise the rulings of the court which are complained of by the appellant. Every reasonable intendment must be indulged in favor of the correctness of the action of the court below, and it is incumbent upon the appellant to show the error complained of if she would reverse the judgment. The rulings sought

to be revised upon this appeal are the alleged errors of the court in setting apart to appellee that portion of the lot upon which the husband of appellant, under whom the latter claims, had made valuable improvements, and in adjudging that appellent should pay appellee one-third of the rents of the property received by her. If the first judgment was rendered at a previous term of the court, then upon the adjournment the rights of the parties as therein adjudicated became fixed, and it was not in the power of the court at a subsequent term to do more than make such orders as were necessary to give effect to that judgment. White v. Mitchell, 60 Texas, 164.

If upon the original trial it was decreed that appellee should on partition have her portion set apart to her from the south part of the lot and should recover rents of appellant, and if the judgment appealed from merely followed that decree, then the error, if error it be, would be in the former and not in the latter ruling. How this may be we can not know from the transcript before us, but it would seem that a proper practice requires that in cases of this character not only the titles of the respective parties should be settled upon the first trial, but also their respective rights and equities growing out of the receipt of rents and the construction of improvements by one or more of them should be determined in the same decree. It is hardly contemplated that there should be but one jury trial, and upon the questions of fact presented by these conflicting claims either party would be entitled to a trial by jury. But however this may be the first judgment is the foundation of the second decree in partition suits, and we are of opinion that we can not properly revise the second unless we have the record of the first before us.

It follows from what we have said that we feel constrained to affirm the judgment without passing upon appellant's assignments of error, and it is so ordered.

*Affirmed.*

Delivered April 19, 1889.