WOODHEAD et al. v. GOOD.
No. 674.

Court of Civil Appeals of Texas. Eastland.
March 21, 1930.

Rehearing Denied April 18, 1930.

L. J. Wardlaw, George F. Seideman, and W. H. Lipscomb, all of Fort Worth, for appellants.

Sayles & Sayles, Conner & McRae, and Harry. Brelsford, all of Eastland, and Levy & Evans. of Fort Worth, for appellee.

FUNDERBURK, J.

■ Frank Good brought suit against G. A. Davisson and numerous other parties to partition "all oil, gas and other minerals in and under certain lands" in Eastland and Ste-

phens counties, Tex. A large number of defendants were cited by publication. Harry Brelsford, an attorney of the Eastland bar, was appointed by the court to represent the defendants cited by publication and filed an answer for them. The court, by its judgment, rendered February 16, 1927, determined the several owners of the property and the amount of their interest therein, and directed that the interests of certain named defendants be set aside to them in kind, but as to other defendants it was recited and provided as follows: "And, it appearing to the court that certain of the defendants own such a small share and interest in said oil, gas and other minerals as that it would be impossible to set apart to each of the said parties separately his respective share and interest therein, and it appearing advantageous and to the best interest of said parties so to do, it is ordered by the court that the share and interest of the defendants, (naming them) be partitioned and set apart to said last named defendants * * * jointly in one tract to be owned by the said parties, according to their respective shares and interests and in the proportion which their respective interests bear to each other." Commissioners appointed to make partition on the same day filed their report, showing partition made in accordance with the court's judgment. The report of the commissioners was confirmed by judgment of the court, which, vesting title accordingly, awarded to L. F. Woodhead and the other appellants herein (who were each and all defendants who had been cited by publication) 35.7 acres altogether. No objection was filed to the report of the commissioners. On the contrary, there was an express written waiver of objections filed, which was signed by counsel for all parties in the case, including the attorney representing the defendants cited by publication. The last-named judgment was also rendered February 16, 1927. On February 15, 1929, the appellants filed a motion for new trial. As the basis of their right to urge the motion at that time, it was alleged that process was served upon them by publication and that none of the petitioners appeared in person or by an attorney of his or her own selection. The facts alleged as grounds for new trial, in so far as same are not apparent of record, are deemed immaterial, since the court overruled the motion and there is no statement of facts sent up as a part of the record. All such allegations of fact must therefore be deemed to have been found by the court so as to support its action in overruling the motion for new trial.

In part, it was contended by the motion, in effect, that it was erroneous as a matter of law and prejudicial to the legal rights of the appellants for the court to set aside to them jointly and collectively their interest in the land, and to set aside to G. A. Davisson and George Beggs (other defendants who appeared in the case), jointly and collectively, their interests. That the court was without power or authority to so partition such minerals, the parties affected not having agreed thereto.

The only assignment of error filed in the court below and brought forward in appellant's brief reads: "The court erred in overruling their motion for a new trial, and in declining to set aside the decree of partition dated the 16th day of February, 1927."

In addition to the error thus assigned, there is submitted as fundamental error: (1) The action of the court in failing to order the 35.7 acres of land sold as required by R. S. 1925, art. 6096, when it was found that the fractional interest therein of each appellant could not be set aside to him separately; (2) that the decree was void because it does not appear from the transcript that the court had jurisdiction over any of the defendants (including appellants) cited by publication.

■ The trial court rendered two judgments in the case on the same day, to wit, February 16, 1927. Each judgment was final in the sense that there was a right of appeal from each. White v. Mitchell, 60 Tex. 164. The appeal bond recites the order of the court in overruling the motion for a new trial as "thus making the judgment dated February 16th, 1927, final as to such defendants; the said judgment referred to being one partitioning certain mineral interests in the lands therein described among the parties thereto." Manifestly, the description in the appeal bond does not alone identify which of the two judgments is the one from which the appeal is taken. But the recitation of the order overruling the motion for new trial as having made the judgment appealed from final, and the motion for new trial by reference to the action of the commissioners of partition and judgment following same, identifies with sufficient certainty the judgment as the one approving the report of the commissioners and vesting title. As shown in the foregoing statement, this second judgment was in conformity to the first. From that fact it would appear that whatever errors are complained of were errors, if any, having their origin in the first judgment.

■■ Both judgments being distinct from each other, and appealable, they each became final, unless, by provision of R. S. 1925, art. 2236, the filing of the motion for new trial prevented that consequence. The motion for new trial complains only of the second judgment. Appellants had the legal right to complain of the second judgment without making complaint or asking any relief from the first judgment. Scheiner v. Proband, 73 Tex. 532, 11 S. W. 538. Such being the case, there is no basis for implying that the motion was intended to question the correctness of the first judgment. We are therefore forced to the conclusion that the first judgment was permit-

ted to become final. That judgment, we think, cannot be held to be void on its face. Being valid and binding, the relief sought by this appeal, if granted, would have the effect of varying or superseding some of its most important provisions. To grant that relief, in an appeal only from another and different judgment, would, in effect, be to permit the first judgment to be collaterally attacked. The decisions in White v. Mitchell, supra, and Scheiner v. Proband, supra, it seems to us, compel the conclusion that it is our duty to affirm the judgment of the trial court, without passing upon appellants' assignments of error, other than perhaps the one by which the contention is made that the trial court acquired no jurisdiction to render any judgment as to the appellants.

The contention that the judgment should be reversed because of the failure of the transcript to show that the court had jurisdiction of any of the defendants cited by publication cannot, even if not ruled by the foregoing considerations, be sustained. The basis of this contention is that the transcript fails to show that the defendants were properly cited by publication, in that there is not shown the affidavit required by law for the issuance and publication of such citation. The court, in its judgment, recited the service of citation by publication upon the appellants, and appointed an attorney who filed an answer for them. In their motion for new trial the appellants likewise recited the fact that they were served with citation by publication. The motion made no claim of any lack or defect in the service of citation. No authorities are cited in support of the proposition. The contention is not that there was no such affidavit made, but that it is not shown by the transcript. Appellants were charged primarily with having a correct transcript prepared. We are of opinion that the point presents no reversible error.

In our opinion, the judgment of the trial court should be affirmed, and it is accordingly so ordered.