### CYPHERS et al. v. BIRDWELL et al.

#### No. 3888.

Court of Civil Appeals of Texas. Texarkana. Nov. 6, 1930.

Rehearing Denied Nov. 13, 1930.

Tom F. Coleman, of Lufkin, and H. H. Wellborn and R. T. Jones, both of Henderson, for appellants.

Chas. L. Brachfield and Jno. R. Arnold, both of Henderson, for appellees.

HODGES, J.

This is a suit to partition a tract of 640 acres of land situated in Fisher county which formerly belonged to the estate of J. P. Cyphers and his second wife, Emma G. Cyphers. J. P. Cyphers was married four times. At his death he left only one child, Ed Cyphers, a party to this suit, who was born of the first marriage. Emma G. Cyphers, his second wife, died in 1919 without leaving any children. Her only heirs were her sisters and brothers and their descendants who are parties to this suit, some of whom were plaintiffs in the court below. J. P. Cyphers later married a third wife, and still later a fourth wife, Mrs. May Cyphers, one of the appellants and a defendant in the court below. J. P. Cyphers died August 20, 1926, leaving no children born of the second, third, or fourth marriage. His only heirs at the time of his death were Ed Cyphers, the child of the first marriage and his last wife. The land involved in this suit was acquired by J. P. Cyphers and his second wife, Emma G. Cyphers, some time during the second marriage, and became a part of their community estate. In April, 1909, J. P. Cyphers executed a deed conveying the land to his wife, Emma G. Cyphers, reciting a cash consideration of $660. Cyphers and his second, third, and fourth wives occupied the premises as their homestead; a portion of the land being in cultiva-

tion. After his death, and at the time of this suit, it was occupied by his fourth wife, Mrs. May Cyphers as the family homestead. The plaintiffs in the court below and appellees here are the collateral heirs of Emma G. Cyphers; the defendants in the court below were Mrs. May Cyphers, Ed Cyphers, and his wife, and those collateral heirs of Emma G. Cyphers who did not join as parties plaintiffs. In their pleadings the plaintiffs alleged that the land was the separate property of Emma G. Cyphers at the time of her death, and that upon her death one-half of it descended and vested by law in the plaintiffs and those collateral heirs of Emma G. Cyphers who are named as parties defendant; that the title to the other half descended and vested in Ed Cyphers, the only child of J. P. Cyphers, subject to the homestead rights and life interest of the defendant Mrs. May Cyphers. In his answer, Ed Cyphers alleged that the land was acquired by his father and stepmother, Emma G. Cyphers, partly with community funds and partly with the separate funds of his father; that during the lifetime of his stepmother she and his father executed a deed conveying the entire tract to him (Ed Cyphers). His father, however, continued to use and occupy the land as the family homestead until his death. He claimed title to all the land subject to such life interests and homestead rights as the law conferred upon Mrs. May Cyphers as the surviving wife of J. P. Cyphers.

Mrs. May Cyphers answered by a general demurrer, and specially pleaded that the land originally belonged to the community estate of J. P. Cyphers and his second wife, Emma G. Cyphers; that Emma G. Cyphers died without leaving any children, and upon her death her community interest vested in J. P. Cyphers, her surviving husband. She further alleged that, as the present surviving wife of J. P. Cyphers, she was entitled to the use and occupancy of the homestead of 200 acres situated on the west side of the land, and a life interest in one-third of the remainder.

The case was tried before the court without a jury in July, 1929, and a judgment rendered ordering a partition of the land as prayed for by the plaintiffs in the suit. The court found and concluded that the land belonged to the separate estate of Emma G. Cyphers at the time of her death; that a one-half interest descended and vested in her collateral heirs, and the other half descended and vested in J. P. Cyphers her surviving husband; that upon the death of J. P. Cyphers his interest vested in his son, Ed Cyphers, subject to the life estate and homestead rights of Mrs. May Cyphers. The court thereupon, and at that term, appointed commissioners to divide the land in accordance with the decree fixing the respective rights of the parties.

To that judgment Ed Cyphers alone excepted and gave notice of appeal, but took no steps toward prosecuting an appeal. At a subsequent term of the court beginning on the first Monday in January, 1930, the commissioners made their report. Objections were filed to that report by Mrs. May Cyphers and Ed Cyphers, in which they alleged that the division was unfair; that the south half of the land which had been allotted to them was less valuable than the north half, which had been set apart to the plaintiffs and other heirs of Emma G. Cyphers. They prayed that the report be rejected, and that new commissioners be appointed to make another and more equitable division of the property. After hearing evidence on those objections, the court approved the report and made the usual orders vesting title in the respective parties.

On February 8, 1930, the last day of that term of the court, Mrs. May Cyphers alone filed a motion asking the court to set aside the judgment approving the report and grant a new hearing. The motion is lengthy, and states numerous reasons why the report should not have been approved. Among them are, that the division was unfair, and that the court failed to give proper instructions regarding Mrs. Cypher's interest in the property and the allotment of her distributive share. The plaintiffs in the suit filed exceptions to that motion, which were later sustained by the court and the motion dismissed, on March 15th, more than a month after the term fixed by law had expired. Mrs. Cyphers alone excepted to the order dismissing the motion and gave notice of appeal. While Ed Cyphers gave no notice of appeal from that order, he joined as a principal in the appeal bond. He also joined Mrs. Cyphers in the brief filed in this court. Neither of the appellants is entitled in this appeal to complain of the judgment of the court rendered at the July term in which the issues of title were determined. That was a final order from which an appeal might have been prosecuted. White v. Mitchell, 60 Tex. 164; Woodhead v. Good (Tex. Civ. App.) 27 S.W.(2d) 374, 375; Scheiner v. Proband, 73 Tex. 532, 11 S. W. 538; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326, 328; Gurley v. Hanrick's Heirs (Tex. Civ. App.) 139 S. W. 721, 726; Rogers v. Dickson (Tex. Civ. App.) 176 S. W. 865; Sherley v. Sherley (Tex. Civ. App.) 237 S. W. 645. Such complaints of that judgment are now too late. The only assignments now properly before us are those which attack the action of the trial court in approving the report of the commissioners. Ed Cyphers cannot raise any objections to that report because he gave no notice of appeal from the order approving it.

A motion has been made to dismiss the appeal of Mrs. May Cyphers because her motion for a new trial was not acted upon during the term of the court. Under the statute fixing the terms of the trial court, the January

term ended on February 8, 1930. Mrs. Cyphers filed her motion for a new trial on that day, and on the same day the trial judge entered an order extending the term of the court indefinitely for the purpose of disposing of all pending cases. District judges have the power to extend the term of court for the purpose of disposing of cases on trial. Article 1923, R. S. 1925. Our Supreme Court has given a rather liberal interpretation to that statute. E. H. Stafford Mfg. Co. v. Wichita School Supply Company, 118 Tex. 650, 23 S. W.(2d) 695. While the sufficiency of the order, in this instance, may be doubted, we have concluded to treat it as sufficient, and to hold that the appeal of Mrs. Cyphers was perfected in time. But, for reasons previously stated, we can consider only those assignments which attack the ruling of the court in approving the report of the commissioners.

██ The assignments are numerous, but the substance of those which complain of the approval of the report of the commissioners is that the division made of the land was unfair to the complainants; that the more valuable portion was allotted to the heirs of Emma G. Cyphers. Mrs. Cyphers also complains that, by reason of the division made, she will be forced to take her homestead interest from land incumbered with a mortgage and from tracts separated by canyons difficult to cross. As before stated, the commissioners divided the tract of 640 acres into two equal parts by running a line east and west through the center. The north half was allotted to the appellees as the heirs of Emma G. Cyphers, and the south half to the Ed Cyphers, as an heir of J. P. Cyphers, subject to the life estate and homestead interest of Mrs. May Cyphers, the surviving widow. No attempt was made by the commissioners, or by the court, to locate a homestead for Mrs. Cyphers, or to designate the land to which her life estate should attach. The improvements which were occupied as the family homestead were situated on the south half. The testimony as to the comparative value of the two tracts after the division was conflicting. But we cannot say as a matter of law that the judgment which involves a finding that the partition was fair, and that the two tracts were equal in value, is unsupported by the evidence. It is true the evidence shows that the south half, or a portion thereof, had been mortgaged, and that Mrs. Cyphers may be compelled to locate her homestead on land subject to a lien. Article 3492, R. S., which prohibits setting apart incumbered land to the widow, or minor children, has no application to this proceeding. This is not a suit to partition the estate of J. P. Cyphers. The lien mentioned was created by J. P. Cyphers, and for his own benefit. He could only mortgage his interest in the land. Logically, his mortgage should follow and attach to the land allotted to his estate.

It is also contended by appellants that this entire proceeding is void because the district court had no jurisdiction of the suit. The original petition of the plaintiffs in the case was in the form of an ordinary application for the partition of a tract of land. It named the joint owners and the interest claimed by each, without mentioning the source of title of any of the interested parties. A demurrer was filed to that petition, but the record does not disclose any action on the demurrer. In that state of the pleadings the demurrer should have been overruled even if it had been called to the attention of the court.

██ However, if at any stage of the proceedings the evidence disclosed a suit over which the district court had no jurisdiction, the trial should have been arrested and the case dismissed. The particular grounds of the objection here urged to the jurisdiction of the court is that this is a suit against the estate of a deceased person brought within less than four years after the death of the decedent; that, in order to confer jurisdiction on the district court, it was necessary for the plaintiffs to allege and prove that no administration was pending and that none was necessary. We understand that it is well settled by the courts of this state that before heirs, as such, can maintain a suit to recover a chose in action or other property which has descended to them within the period allowed by law for taking out letters of administration, they must plead and prove facts entitling them to prosecute the action, and, if the suit is brought within the four-year period allowed by law for an administration, they must plead and prove that no administration is pending and none is necessary. A petition in a suit of that kind that fails to affirmatively allege those facts is fatally defective and subject to a general demurrer. Youngs v. Youngs (Tex. Com. App.) 26 S.W.(2d) 191, 192. See cases cited in volume 3, page 181, Texas Jurisprudence; Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640; Laas v. Seidel, 95 Tex. 443, 67 S. W. 1015.

██ But in this case the plaintiffs are not seeking to partition the estate of a decedent, or to establish any interest in that estate. On the contrary, the purpose of their suit is to have their undivided interest in the land held in common with the estate segregated from that interest which belonged to the estate. The plaintiffs are not interested in the estate, but merely joint owners with the estate. The judgment of partition in such a proceeding does not in any respect invade the province of the probate court where an administration is pending. Gilliam v. Null, 58 Tex. 303; Guest v. Guest (Tex. Civ. App.) 208 S. W. 547, 549. Administrations are granted for the benefit of creditors who hold claims against the estate of the decedent and for the purpose of securing payment out of the estate. Neither the heirs nor the creditors of

the Cyphers estate have any interest in that portion of the land which should be set apart to the appellees, as heirs of Emma G. Cyphers.

One who owns land as a tenant in common with an estate of a deceased person cannot, upon that ground alone, apply for and secure the appointment of an administrator merely for the purpose of having his interest in the common property segregated from that owned by the state. It would be a manifest injustice to require such a person to wait four years in order to give those who can apply an opportunity to exercise their rights. If an administrator is appointed, the probate court does not thereby acquire jurisdiction over that interest in the jointly owned property which belongs to third parties.

Article 1982, Revised Civil Statutes, provides: "In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant."

If there had been an administrator of the Cyphers estate, he should have been joined as a party defendant. The failure to join him as such would have presented a case in which there was a defect of parties. Where there is no defect of the parties pleaded, and none is disclosed by the evidence, the court may assume that all the necessary parties are before it. That provision of the statute which requires that all those interested in the title shall be made parties in a partition suit was satisfied by the proof in this case.

The judgment is affirmed.