**CASTILLO et al. v. FARIAS et al.**
No. 9160.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 8, 1933.

Rehearing Denied Dec. 6, 1933.

S. N. McWhorter, of Weslaco, for appellants.

Pope & Pope, of Rio Grande City, and J. T. Canales, of Brownsville, for appellees.

SMITH, Justice.

This action was brought by appellees, Farias and others, against appellants, Castillo and others, in the form of trespass to try title and for partition of the land in controversy. Appellants answered by cross-action, setting up limitation title to the land.

Upon a trial, in January, 1932, judgment was rendered in favor of appellees and against appellants upon their cross-action, and ordering partition of the land as prayed for by appellees. Neither party excepted to or appealed from this judgment, which thereupon became final, whereby all questions of title were adjudicated and settled.

In pursuance of said judgment, the commissioners therein appointed proceeded tc partition the land in accordance with said adjudication, and at a subsequent term of court, in November, 1932, judgment was rendered confirming said partition. From that confirmation judgment Castillo and associates have brought this appeal.

Appellants' complaint in this court is directed solely to the action of the trial court in denying recovery to them upon their cross-action; their sole contention here being that under the evidence, adduced at the original trial, they were entitled to recover upon their claim of title by limitation.

Obviously, such complaints come too late, for the rulings complained of were reflected, not in the judgment actually appealed from, but in the original judgment rendered in January, 1932, which was not excepted to or appealed from. That was a final judgment, and the holding therein effectuated could not be complained of in an appeal from the subsequent judgment of November, 1932. 3 Tex. Jur. § 53; Cannon v. Hemphill, 7 Tex. 184; McFarland v. Hall's Heirs, 17 Tex. 676; White v. Mitchell, 60 Tex. 165; Waters-

Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326; Woodhead v. Good (Tex. Civ. App.) 27 S.W.(2d) 374; Cyphers v. Birdwell (Tex. Civ. App.) 32 S.W.(2d) 937.

In short, appellants' assignments of error do not relate to or complain of any actions and rulings pertaining to the decree of confirmation, from which this appeal was perfected, but only to the decree in the former judgment denying recovery to appellants upon their plea of limitation; whereas the latter judgment is not before this court for revision, and the assignments of error directed thereto cannot be considered.

The judgment appealed from discloses no fundamental error apparent of record, and, as no error is assigned thereto, it must be affirmed.