**HENDERSON v. STONE et al.**

No. 4970.

Court of Civil Appeals of Texas. Texarkana.

May 18, 1936.

Rehearing Denied June 4, 1936.

Frank C. Bolton, of Henderson, and Austin F. Anderson, of Fort Worth, for appellant.

T. A. Bath, of Henderson, Cary M. Abney, of Marshall, F. W. Fischer, of Tyler, Phillips, Trammell, Chizum, Estes & Edwards, of Fort Worth, Weeks, Hankerson & Potter, of Tyler, and Paul A. McDermott, of Fort Worth, for appellees.

HALL, Justice.

C. L. Henderson as next friend and guardian of Martha L. Payne, a non compos mentis, hereinafter referred to simply as appellant, instituted this suit in trespass to try title in the district court of Rusk county against appellees, alleging that Martha L. Payne was the owner of a one-third undivided interest in a certain 50-acre tract of land, a part of the Prue H. R. survey in Rusk county, Tex. Appellant alleged that Martha L. Payne inherited her interest in the land in controversy from her great-grandfather, Jedidiah Blackwell, and that she was a tenant in common with appellee Samp Stone who owned a two-thirds undivided interest in said land, and his immediate and remote grantees and lessees. Appellant sought, in addition to title and possession of an undivided one-third interest in the land in controversy, an accounting from appellees for oil recovered and sold from said land. Appellees answered by general denial, plea of not guilty, and specially pleaded the three, four, five, ten and twenty-five years' statutes of limitation, and some of the appellees, lessees, and grantees of appellee Stone, pleaded improvements in good faith.

The record reveals that Jedidiah Blackwell purchased the land in controversy in 1852, and held the same until his death in 1874. By the will of Jedidiah Blackwell a certain 310-acre tract of land, of which the land in controversy is a part, was given to his wife, Nancy Blackwell, for her life, with remainder to his, Blackwell's, heirs. Jasper L. Blackwell, a son of Jedidiah Blackwell, was named in the will as executor and he qualified and acted as such, and on May 5, 1874, turned over to Nancy Blackwell, his mother, the 310 acres of land given to her by the will for life. On December 28, 1877, Nancy Blackwell conveyed this 310 acres to her son Jasper L. Blackwell, after which he claimed title to the land. Nancy Blackwell died in 1879. In 1889 Jasper L. Blackwell, upon application of heirs of Jedidiah Blackwell, filed his final account as executor in the county court of Rusk county and asked to be discharged. Quoting from the opinion of the Supreme Court in the case of Blackwell v. Blackwell, 86 Tex. 207, 24 S.W. 389, involving this estate: "This account was contested by the heirs because he did not include in his report the land in question [the 310 acres]. Upon hearing, the county court disapproved the account, and ordered that the land be distributed among the heirs, and that the executor account for the rents." The executor appealed to the district court where his account was approved, the district court holding that the county court did not have authority to try the title to the land between the executor and the heirs. An appeal was taken to the Court of Civil Appeals and the

judgment of the district court was there affirmed. 23 S.W. 31. The cause was then taken to the Supreme Court on writ of error and the judgments of the district court and of the Court of Civil Appeals were reversed and the cause remanded to the district court with instructions "to try the cause de novo, and to partition the lands among the heirs according to their several rights."

Martha L. Payne was the daughter of a deceased son of Jane Edge, deceased, who was a daughter of Jedidiah Blackwell:

On March 28, 1917, the property in controversy was conveyed to appellee Samp Stone by J. D. Edge and others. It is stated in the record that J. D. Edge is the same person as A. J. Edge. It appears further from the record that in 1911 Martha L. Payne was adjudged insane in Scott county, Ark., and since said date, with the exception of a few days in 1925, has been confined in an insane asylum at Little Rock, Ark.

This case was tried to a jury, and on motion of appellees the jury was instructed to return a verdict for them. Judgment was rendered accordingly for appellees, and appellant has appealed to this court.

Numerous assignments of error and propositions based thereon are brought forward, but we shall discuss those propositions only having to do with the effect of the judgment of partition and the order confirming the report of the commissioners of the district court of Rusk county made and entered in obedience to the mandate of the Supreme Court in the case of Blackwell v. Blackwell, supra. The opinion of the Supreme Court in that case enjoined upon the district court of Rusk county the duty of: (1) Determining who were the heirs of Jedidiah Blackwell entitled to inherit under his will and the proportionate part of his estate each heir was entitled to receive; and (2) the actual partition of said estate. The part of the judgment of partition dated August 11, 1894, pertinent here is:

"Saturday 32nd day—July Term August 11th, A. D. 1894.

"Estate of Jediah Blackwell, Dec'd.

"No. 1179.

"This cause coming on to be heard on the report for final settlement filed herein August 30th, 1890, by Jasper L. Blackwell, executor and the exception thereto reporter appears in person and by counsel and the minor and non-resident heirs and legatees appeared by their guardian ad litem and attorney, J. H. Turner, appointed by the Court, heretofore to represent them, and after hearing the evidence and argument of counsel, it is the opinion of the court that said report is incomplete and is recast as follows:

"It is adjudged by the court that Jasper L. Blackwell as executor has in his possession the following property belonging to the Estate of Jediah Blackwell, one tract of land, willed by said Jediah Blackwell to his wife, Nancy Blackwell for life, (and it is found that said Nancy departed this life in October, 1879) consisting of three hundred and ten acres described as follows: (Description of property omitted here.)

"The parties entitled to receive said Estate are:

"1st: The heirs of Rebecca Anderson, Nancy Berabie and B. A. Anderson & W. C. Anderson, who are entitled to 3/4 of 1/11 of said Estate; and S. M. West, J. E. West & B. C. West, who are entitled to 1/4 of 1/11 of said estate, all of whom reside in Gilmer County, Georgia.

"2nd: The heirs of Jessie Blackwell; Horton Blackwell & Sula Blackwell who are entitled to 2/3 of 1/11 of said estate & Georgia Meadows, Marry Meadows, & Alice Meadows, are entitled to 1/3 and 1/11 of the said estate, Hall County, Georgia.

"3rd: The heirs of Elizabeth Edge, not known, Walker County, Georgia.

"4th: The heirs of H. W. Blackwell; Robt. Blackwell, Hall County, Georgia; Jasper, Giles & Wiley Blackwell who are entitled to 4/5 of 1/11 of said Estate and 1/2 of 1/5 of 1/11 of said Estate & Mary Blackwell who is entitled to 1/2 of 1/5 of 1/11 of said estate.

"5th: The heirs of Elizabeth Thompson dec'd: Teresa Wood, Pauline Hamilton, Semantha Hall, Emma Tucker & S. A. Thompson who are entitled to 1/11 of said Estate.

"6th: The heirs of Jno. Blackwell, Dec'd: James, Jessie & A. J. Blackwell, who are entitled to 1/11 of said Estate.

"7th: The heirs of Jane Edge, dec'd: A. J. Edge & Elizabeth Green who are entitled to 1/11 of said estate.

"8th: Sarah Garvin, Hopkins Co., Texas. 1/11 of said Estate.

"9th: Jasper L. Blackwell, Rusk Co. Texas, 1/11 of said Estate.

"10th: Mary Anderson, Gilmer County, Georgia, 1/11 of said Estate.

"11th: Nancy C. Pierce, Hall County, Georgia, 1/11 of said Estate."

The part of the report of the commissioners and the order approving same dated February 12, 1895, pertinent here is:

"The report of the commissioners appointed at a former term of this court to partition the estate of Jediah Blackwell, dec'd., coming on to be heard, after examination is found to be correct and it is ordered by the court that said report be made and judgment of the Court, which is as follows:

"To the Hon. W. C. Buford, Special Judge.

"We the undersigned commissioners appointed by your Hon. in the case of Estate of Jediah Blackwell, dec'd. No. 1179 to partition said estate, would respectfully make the following report, viz.

| | | |
|---|---|---|
| 1st. | To the heirs of Rebecca Anderson | |
| 2nd. | " " " " Jessie Blackwell | |
| 3rd. | " " " " Elizabeth Edge | |
| 5th. | " " " " Eliza Thompson | |
| 6th. | " " " " John Blackwell jointly # 5 & 6 | |
| | M. J. Pru Survey value | 380.00 |
| | John Runnels Survey value # 8 & 9 | 300.00 |
| | 106 acres on Martin Luther Survey value | 100.00 |
| | Total 5 above shares jointly | |
| 4th. | To the heirs of H. W. Blackwell #7 Prue Survey 43 A at 3.50 | 150.50 |
| 7th. | To the heirs of Jane Edge decd. #1 M. J. Prue League 51 A at 3.00 | 153.00 |
| 8th. | Sarah Garvin #2 M. J. Prue League 51 A at 3.00 | 153.00 |
| 9th. | Jasper Blackwell #3 M. J. Prue League 48 A at 2.00 | 96.00 |
| 10th. | Mary Anderson #4 M. J. Prue League 40 A at 3.00 120 1 Gin Stand 30 | 150.00 |
| 11th. | Nancy C. Pierce #10 John Runnels 50 A at 4.00 | 200.00 |
| | Total amt of estate value by us | $1682.50 |

"We refer to the accompanying plat, which we make part of this report, for description and designation of shares interest in said Estate.

"All of which is respectfully submitted.
"T. J. Lacy
"J. B. Mayfield
"Commissioners."

"1179 Estate of Jediah Blackwell.
"Report of Commissioners
"Filed: February 12, 1895
"C. G. Osburn.

"It is therefore ordered, adjudged and decreed by the Court that title to the several pieces of property as shown in the above report be vested in the several parties as therein set out and be divested out of all the other parties herein and that each party be seized in absolute right of the property set apart to said parties severally as set out in said report herein.

"It is further ordered by the court that J. L. Blackwell pay into the Clerk of this Court the $200.00 adjudged against him for improvements on the land set apart to him and that the Clerk of this Court in paying out said money take into consideration the value of the property set apart to each heir as herein and that those who have received less in value than the others be made equal with the one receiving the highest amount and that if there is still a balance on hand it be divided equally between said eleven heirs.

"W. C. Buford, Special Judge."

In the judgment of partition in subdivision 7 thereof the heirs of Jane Edge, deceased, entitled to receive one-eleventh of the estate of Jedidiah Blackwell, are named as A. J. Edge and Elizabeth Green, while in the report of the commissioners the reference is simply the heirs of Jane Edge, deceased. Both the judgment of partition and the order confirming the report of the commissioners were final in their nature from which an appeal would lie. White v. Mitchell, 60 Tex. 164; Cyphers v. Birdwell (Tex.Civ.App.) 32 S.W.(2d) 937, writ denied; Houston Oil Co. v. Village Mills Co. (Tex.Com.App.) 241 S.W. 122; Moor v. Moor (Tex.Civ.App.) 63 S.W. 347, writ denied; Easterwood v. Burnett, 59 Tex.Civ. App. 521, 126 S.W. 934, and cases there cited. No appeal was taken from either the judgment or the order, so they are binding to-day, and a correct decision of this case will, in our opinion, result from a proper construction of this judgment of partition, the report of the commissioners, and the order confirming said report. As said before, the judgment of partition determined the persons who were entitled to receive the estate of Jedidiah Blackwell, deceased, and it was there judicially determined that the heirs of Jane Edge, deceased, were A. J. Edge and Elizabeth Green. The judgment of partition of August 11, 1894, is conclusive on Martha L. Payne. For, as said by Judge Brown in Reed v. Robertson, 106 Tex. 56, 156 S.W. 196, 197: "It was not necessary for the plaintiff to show that Sterling C. Robertson received anything in the partition; the judgment is conclusive of the rights of the parties; it is conclusively presumed to have properly adjusted the claims of all of the heirs." The report of the commissioners did not contradict this finding, it merely apportioned block No. 1 consisting of 51 acres of the Prue H. R. to the heirs of Jane Edge, deceased. These

heirs of Jane Edge, deceased, had been determined by the judgment of August 11, 1894, to be A. J. Edge and Elizabeth Green. An examination of the report of the commissioners reveals that they dealt similarly with several other sets of heirs who had been named individually in the judgment of partition. Moreover, the writ of partition under which the commissioners acted named A. J. Edge and Elizabeth Green as the heirs of Jane Edge, deceased. We think under the decisions of this state we are justified in looking to all the records of the old partition suit available in order to harmonize the report of the commissioners and the order confirming it with the judgment of partition, and when this is done we think clearly the words "the heirs of Jane Edge, deceased," set out in the report of the commissioners refer to and include only A. J. Edge and Elizabeth Green, who were found to be such in the judgment of partition. Furthermore, the judgment of partition and the order approving the report of the commissioners deal with different matters. The judgment of partition determined who were the persons entitled to inherit under the will of Jedidiah Blackwell and his proportionate share in the estate, while the report of the commissioners and the order approving same distributes the estate among those persons theretofore found by the judgment of partition to be heirs. And each judgment is conclusive of the matters necessarily determined therein, and especially is this true where no appeal is taken from either judgment.

Even had the trial judge in the old partition suit sought by his order dated February 12, 1895, approving the report of the commissioners, to change, alter, or modify his determination of the heirship of the parties at interest made in the judgment of partition dated August 11, 1894, at a former term of court, he would have been powerless to do so, except to enter orders giving effect to the judgment of partition, because "the first judgment is the foundation of the second decree on partition suits." Scheiner v. Proband, 73 Tex. 532, 11 S.W. 538, 539. In this connection we will state we are not convinced that appellant is making an attack on the judgment of partition of August 11, 1894, but is seeking to show a modification of said judgment by the order of February 12, 1895, in respect to the heirship of Martha L. Payne; but if the attitude assumed by appellant should be considered as an attack on said partition judgment, then same would be collateral in its nature and would avail appellant nothing. And this is true even though said judgment of partition be erroneous. Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66.

Therefore, we conclude that the judgment of partition dated August 11, 1894, the report of the commissioners, and the order of the district court confirming same, divested out of appellant, Martha L. Payne, all the title to the property in controversy and the district court of Rusk county was fully justified in granting appellees' motion for an instructed verdict.

This conclusion makes it unnecessary for us to consider the other propositions brought forward by appellant.

The judgment is affirmed.