**Affirmed and Memorandum Opinion filed June 6, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-01091-CV

---

### RANDI GOLDBERG, Appellant

### V.

### TRACY ZINN, Appellee

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-79869**

---

## M E M O R A N D U M   O P I N I O N

Appellant Randi Goldberg challenges the trial court's judgment signed October 24, 2011. We first determine, even upon this partial record, that the issues have been preserved for appeal. However, because the issues raised in this appeal arise out of a separate final and appealable judgment signed September 19, 2011, and thus constitute an impermissible collateral attack on that judgment, we affirm without reaching the merits.

## BACKGROUND

When the relationship between Goldberg and appellee Tracy Zinn ended, Goldberg sued Zinn and sought division of property acquired during the relationship. Zinn filed a general denial along with a counterclaim against Goldberg. During pretrial proceedings on July 26, 2011,

> [t]he parties agreed with respect to the partition causes of action that the determination by the jury of the parties' relative contributions to ownership of the properties jointly held by [Goldberg] and [Zinn] would render ownership percentages that then would be applied to the current value of those properties, with such value to be determined by post-verdict appraisals of the properties.[1]

The case was called to trial later that day.

Goldberg pursued claims for breach of contract and breach of fiduciary duty. Fifteen questions were presented to the jury. The jury was asked to determine whether Goldberg and Zinn had "an agreement to a 50:50 equal division on all real property they acquired during their relationship in the event the relationship ended" and, if not, to determine each party's relative contributions to various pieces of property.

On July 28, the jury returned its verdict, finding that no agreement existed for the equal division of property. Regarding each party's relative contributions, the jury found that (1) Goldberg had contributed $134,500 and Zinn had contributed $364,000 toward the ownership of the home at 5507 Edith Street (the "Edith Street property"); (2) Goldberg had contributed $527 and Zinn had contributed $171,000 toward the ownership of the property in the Eagle's Nest

---

[1] Though a court reporter was present throughout these pretrial proceedings, Goldberg has made no attempt to include that portion of the reporter's record for our review. The language used above was used in two subsequent written motions filed by Zinn to describe the pretrial proceedings.

subdivision of Burnet County (the "Eagle's Nest property"); (3) Goldberg contributed $0 and Zinn contributed $127,900 toward the ownership of the property in the Peninsula on Lake Buchanan subdivision of Burnet County (the "Peninsula property"); and (4) Goldberg contributed $1,000 and Zinn contributed $88,000 toward the ownership of the 2003 Lexus GX automobile.

On September 19, the trial court signed a "Partial Judgment" awarding Zinn sole possession and full ownership of the Edith Street property; the dog, Kailey; the Peninsula property; and a vacation timeshare in Kauai, Hawaii. The same day, an entry on the trial court's docket sheet states, "Parties to confer on identification for HArris county, [sic] Burnette [sic] County and car value."[2] The trial court appointed an appraiser for the Eagle's Nest property on September 21 and an appraiser for the Edith Street property on September 30. The Eagle's Nest property was appraised at a market value of $150,000, and the Edith Street Property was appraised at a market value of $280,000.

On October 24, the trial court signed a "Final Judgment" that ordered Zinn to pay Goldberg "$28,670.26 for Ms. Goldberg's twenty-seven percent (27%) interest in the Edith Street Property" and "$465 for Ms. Goldberg's thirty-one hundredth's percent (0.31%) interest in [the Eagle's Nest property]." The "Final Judgment" also ordered Goldberg to transfer her interest in those properties to Zinn. On November 9, Goldberg requested findings of fact and conclusions of law; the trial court issued findings and conclusions on November 23. On November 28, Goldberg filed a motion for new trial and a motion to disregard jury

---

[2] Entries on docket sheets may not be used to contradict trial court orders and are not generally considered to be trial court orders or findings. *See N-S-W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977) (orig. proceeding); *Haut v. Green Café Mgmt., Inc.*, 376 S.W.3d 171, 178 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Nonetheless, docket entries may be used by appellate courts as an indication of what transpired in the trial court. *See Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 229 (Tex. 1999); *Haut*, 376 S.W.3d at 179.

3

answers. She filed her notice of appeal on December 11.

Goldberg contends that the trial court erred by failing to follow the partition procedures set out in the Texas Rules of Civil Procedure and the Texas Property Code; she also argues that the October 24 judgment should be reversed because there is no evidence in the record to support the jury's findings. In response, Zinn argues that neither issue has been preserved for appellate review, and that this court has no appellate jurisdiction because Goldberg failed to timely file a notice of appeal. Goldberg does not address appellate jurisdiction.

## ANALYSIS

### I.     Partial Record

Our review of this case is affected, in part, by the lack of a complete record. An appellant must make a written request that the official reporter prepare the reporter's record, designating the exhibits and portions of the proceedings to be included in the record. Tex. R. App. P. 34.6(b)(1). An appellant who requests a partial record must also include a statement of appellate points or issues to be presented and will be limited on appeal to those points or issues. Tex. R. App. P. 34.6(c)(1). When an appellant fails entirely to file a statement of points or issues, an appellate court presumes that the material missing from the reporter's record supports the trial court's judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 229-30 (Tex. 2002) (per curiam); *Haut v. Green Café Mgmt., Inc.*, 376 S.W.3d 171, 179 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Two court reporters were involved in this case: Cynthia Miles Daughtery Torres and My-Thuy Cieslar. The portion of the proceedings reported by Cieslar begins on the morning of July 27 and is included in our record. Shortly after those proceedings begin, the trial court alludes to previous proceedings that are not

4

included in our record: "One of the issues we discussed yesterday is whether under equity in a partition case . . . ." The trial court's docket sheet for July 26 — the day before Cieslar's involvement in the case began — also provides: "Case called to trial. Pretrial conference — rulings made. Voir dire conducted and jury seated and sworn[.] Openings made[.] Jury admonished and released for the day[.]" Cieslar has filed a letter with this court in which she notes that Torres was the other court reporter involved in this case and provides Torres's contact information.

There is no evidence in this record that Goldberg contacted Torres at any time, and Goldberg has not filed a statement of appellate points or issues. We presume, therefore, that the pretrial proceedings that occurred on July 26 support the jury's verdict and the trial court's judgment. *See Bennett*, 96 S.W.3d at 229-30; *Haut*, 376 S.W.3d at 179.

## II. Jurisdiction

A timely filed notice of appeal invokes appellate court jurisdiction. *Sweed v. Nye*, 323 S.W.3d 873, 873-75 (Tex. 2010). The notice of appeal must be filed within 30 days after the judgment is signed unless one of the deadline-extending circumstances listed in Rule 26.1 is present. *See* Tex. R. App. P. 26.1.

The "Final Judgment" that Goldberg seeks to challenge on appeal was signed on October 24. The thirtieth day after October 24 fell on November 23. Goldberg filed her notice of appeal on December 11, more than 30 days after the judgment was signed. This date also falls outside the 15-day window for seeking an extension of time to file a notice of appeal. *See* Tex. R. App. P. 26.3. Goldberg's notice of appeal is untimely unless the deadline for filing that notice was extended by one of the circumstances listed in Rule 26.1(a).

The 30-day deadline for filing a notice of appeal is extended to 90 days if

any party timely files a motion for new trial, a motion to modify the judgment, or "a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court." Tex. R. App. P. 26.1(a).

Goldberg filed her notice of appeal within 90 days after the "Final Judgment" was signed, so we must determine whether the 30-day deadline was extended by her motion for new trial, motion to disregard jury answers, or her request for findings of fact and conclusions of law.

## A. Motion for New Trial

A motion for new trial is timely if it is filed within 30 days after the date on which the trial court judgment is signed. *See* Tex. R. Civ. P. 329b(a); *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 741 (Tex. 2001); *Approximately $58,641.00 v. State*, 331 S.W.3d 579, 584 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Goldberg filed her motion for new trial on November 28, which is more than 30 days after the date on which the October 24 judgment was signed. Therefore, her motion for new trial was untimely filed and did not extend the deadline for appeal. *See* Tex. R. App. P. 26.1; *State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 427 (Tex. App.—Corpus Christi 2011, pet. denied).

## B. Motion to Disregard Jury Answers

The supreme court has consistently treated minor procedural mishaps with leniency, preserving the right to appeal. *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011) (per curiam). "[A]ppellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Id.* (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997)). As is pertinent here, this requires appellate

filing deadlines to be extended when litigants file post-judgment motions not explicitly mentioned in the time-extending provisions of Rule 26.1. *See Gomez v. Tex. Dep't of Crim. Justice, Institutional Div.*, 896 S.W.2d 176, 176-77 (Tex. 1995) (per curiam) (holding that any motion that "assail[s] the trial court's judgment" extends the appellate timetable); *see Ryland Enter.*, 355 S.W.3d at 665. Within this context, we will treat Goldberg's motion to disregard jury answers as a motion to modify the judgment under Rule 26.1.

Even if the motion to disregard is construed to be a motion to modify for purposes of Rule 26.1, it is ineffective to extend the appellate timetable. Like a motion for new trial, a motion to modify the judgment is timely if it is filed within 30 days after the date on which the trial court judgment is signed. Tex. R. Civ. P. 329b(a), (g); *Ryland Enter.*, 355 S.W.3d at 665-66. Goldberg filed her motion to disregard jury answers on November 28, which is more than 30 days after the date on which the October 24 judgment was signed. Therefore, her motion was untimely and did not extend the deadline for appeal. *See* Tex. R. App. P. 26.1; *Ryland Enter.*, 355 S.W.3d at 666.

## C.    Request for Findings of Fact and Conclusions of Law

Having rejected the other post-judgment methods for extending the time to appeal, we turn to Goldberg's request for findings of fact and conclusions of law. *See* Tex. R. App. P. 26.1(a)(4). Goldberg's notice of appeal is timely if (1) her request for findings and conclusions was timely filed, and (2) the trial court's findings and conclusions are (a) required by the Texas Rules of Civil Procedure, or (b) "could properly be considered by the appellate court." *See* Tex. R. App. P. 26.1; *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 442-43 (Tex. 1997). Zinn argues that Goldberg's request did not satisfy either requirement.

A request for findings of fact and conclusions of law is timely if it is filed

7

within 20 days after the date on which the judgment is signed. Tex. R. Civ. P. 296. The trial court signed the "Final Judgment" on October 24; Goldberg filed her request for findings of fact and conclusions of law 16 days later, on November 9. That request was timely filed.

In response to Goldberg's request, the trial court made seven findings of fact: (1) the name of the individual appointed to appraise the Eagle's Nest property; (2) the appraised value of the Eagle's Nest property ($150,000); (3) the name of the individual appointed to appraise the Edith Street property; (4) the appraised value of the Edith Street property ($280,000); (5) Goldberg's failure to obtain a court-ordered appraisal of the 2003 Lexus GX automobile; (6) "Ms. Goldberg's twenty-seven percent (27%) interest in the Edith Street property equals Twenty-Eight Thousand Six Hundred Seventy and 26/100 ($28,670.26);" and (7) "Ms. Goldberg's thirty-one hundredth's percent (0.31%) interest in the Eagle's Nest property is Four Hundred Sixty-Five Dollars and 00/100 ($465.00)."

The trial court also made six conclusions of law: (1) Zinn had been awarded sole possession and full ownership of the Edith Street property; (2) Zinn had been awarded sole possession and full ownership of the Eagle's Nest property; (3) "As a consequence of the jury's findings and awards in this case, Ms. Goldberg's undivided interest in the Edith Street property shall be transferred via a special warranty deed and Ms. Goldberg shall be removed as a debtor on the mortgage on the property;" (4) "As a result of the jury's findings and the awards in this case, Ms. Goldberg's undivided interest in [the Eagle's Nest property] shall be transferred via a special warranty deed to Ms. Zinn;" (5) "Absent an appraisal on the 2003 Lexus GX automobile, the vehicle shall be sold with the proceeds divided one percent (1%) to Ms. Goldberg and ninety-nine percent (99%) to Ms. Zinn;" and (6) "Ms. Zinn was the prevailing party in all but one claim in this cause of

8

action."

We now address whether the trial court was required to make the findings and conclusions Goldberg requested and, if not, whether those findings and conclusions "could properly be considered" by this court on appeal. *See* Tex. R. App. P. 26.1(a)(4).

### 1. Statutory Requirements

Findings of fact and conclusions of law are required upon request in any case tried in the district or county court without a jury. Tex. R. Civ. P. 296; *Gene Duke Builders, Inc. v. Abilene Hous. Auth.*, 138 S.W.3d 907, 908 (Tex. 2004) (per curiam).

Zinn argues that Rule 296 does not require findings and conclusions because "the case before this court was tried to a *jury*."[3]

Unlike most other proceedings, a partition involves two final and appealable judgments. *Griffin v. Wolfe*, 610 S.W.2d 466, 466-67 (Tex. 1980) (per curiam); *Ellis v. First City Nat'l Bank*, 864 S.W.2d 555, 557 (Tex. App.—Tyler 1993, no writ). In the first judgment, the trial court (1) determines the interests of each of the joint owners or claimants in the real estate sought to be divided and decides all questions of law and equity affecting the title to such land; (2) determines whether the property is susceptible to partition or the subject of a sale; and (3) appoints commissioners to partition the property in accordance with the respective shares or interests of each of such parties entitled thereto. *Ellis*, 864 S.W.2d at 557; *see also* Tex. R. Civ. P. 760, 761. In the second judgment, the court approves of the

---

[3] It is neither necessary nor proper for a court to sign findings of fact and conclusions of law on issues decided by a jury. *Ditto v. Ditto Inv. Co.*, 158 Tex. 104, 309 S.W.2d 219, 220 (1958); *Rathmell v. Morrison*, 732 S.W.2d 6, 16-17 (Tex. App.—Houston [14th Dist.] 1987, no writ); *see* Tex. R. Civ. P. 296.

commissioners' report and partitions the property in kind or by sale. *Campbell v. Tufts*, 3 S.W.3d 256, 259 (Tex. App.—Waco 1999, no pet.).

Here, the first judgment signed on September 19 — the "Partial Judgment"[4] — was based on jury findings. The "Final Judgment" signed on October 24 was not. By agreement, the parties asked the jury to determine the ownership percentages of the properties at issue;[5] the subsequent appraisals and determination of the value of those ownership percentages were tried only to the trial court. *See Yturria v. Kimbro*, 921 S.W.2d 338, 342 (Tex. App.—Corpus Christi 1996, no writ) (noting that the first judgment in a partition proceeding is "conclusive of all matters decreed in it"). Accordingly, Rule 296 applies here with respect to those issues in the "Final Judgment" that were determined by the trial court.

Nevertheless, Rule 296 did not require the trial court's findings and conclusions. The rule requires findings and conclusions in cases "*tried* in the district or county court without a jury." Tex. R. Civ. P. 296 (emphasis added). A case is "tried" when a court holds an evidentiary hearing in which the court must decide issues of fact upon conflicting evidence. *See Gen. Elec. Capital Corp. v. ICO, Inc.* 230 S.W.3d 702, 711 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Besing v. Moffitt*, 882 S.W.2d 79, 81-82 (Tex. App.—Amarillo 1994, no writ). In the first stage of a partition suit, "the merits of the case are certainly determined and the rights of the parties concluded." *Cannon v. Hemphill*, 7 Tex. 184, 196-97 (1851). The only question properly raised in the second stage "would be as to the conformity of the division with rules settled by the [initial] decree."

---

[4] The finality of the judgment is unaffected by the fact that it is titled "Partial Judgment." *See Ellis*, 864 S.W.2d at 557 ("Although the first judgment is often characterized as preliminary or even interlocutory, both judgments are final for purposes of appeal.").

[5] Because Goldberg has failed to include the portion of the reporter's record that dealt with the parties' pretrial discussions, we presume the content of those discussions supports the judgment of the trial court. *See Bennett*, 96 S.W.3d at 229-30; *Haut*, 376 S.W.3d at 179.

*Id.* at 197. Goldberg has not disputed the propriety of the appraisals in this case, and the record contains no evidence contradicting them. Without conflicting evidence, there was no need for the district court to "try" the case for purposes of Rule 296. *See Gen. Elec. Capital Corp.*, 230 S.W.3d at 711; *Besing*, 882 S.W.2d at 81-82.

As a result, findings of fact and conclusions of law were not required under Rule 296.

## 2.    "Could Properly Be Considered"

Even when findings and conclusions are not required, a request still may extend the time for perfecting appeal if the findings and conclusions could properly be considered by the appellate court, that is, "whenever they may be useful for appellate review." *IKB Indus.*, 938 S.W.2d at 443; *see* Tex. R. Civ. P. 296.

Here, there was no evidentiary hearing, but evidence was submitted to the trial court. The trial court's findings of fact and conclusions of law provide:

> On September 19, 2011, a Partial Judgment was entered on the July 28, 2011 verdict rendered by the jury following a trial. Subsequently, by agreement, additional evidence was submitted to the Court for rulings necessary to a final judgment. The Findings of Fact and Conclusions of Law herein are with regard to the post-verdict evidence submitted by [sic] the Court and rulings made by the Court thereon.

In light of the contemplated submission of evidence reflected in the trial court's findings of fact and conclusions of law — and the possibility that either Zinn or Goldberg could have challenged the dollar amounts contained in those findings and conclusions — we hold that those findings and conclusions could properly be considered by an appellate court.

As a result, Goldberg's request for findings of fact and conclusions of law

extended the appellate timetable, and Goldberg's notice of appeal was timely. *See* Tex. R. App. P. 26.1(a)(4). Therefore, we have jurisdiction over this appeal.

## III. Collateral Attack

We do not reach the merits, however, because Goldberg's issues in this appeal arise solely out of the judgment signed September 19, and she did not appeal that judgment.

It is well settled that matters determined by the first judgment in a partition suit may not be considered in an appeal from the second judgment. *White v. Mitchell*, 60 Tex. 164, 165 (1883); *Thomas v. McNair*, 882 S.W.2d 870, 877 (Tex. App.—Corpus Christi 1994, no writ); *Marmion v. Wells*, 246 S.W.2d 704, 705 (Tex. Civ. App.—San Antonio 1952, writ ref'd). "To grant that relief, in an appeal only from another and different judgment, would, in effect, be to permit the first judgment to be collaterally attacked." *Woodhead v. Good*, 27 S.W.2d 374, 376 (Tex. Civ. App.—Eastland 1930, no writ).

In her first issue, Goldberg argues that the "trial court erred by failing to comply with the statutory guidelines for partition resulting in an unfair division of the joint property accumulated by [Goldberg] and [Zinn]" because "[t]here was no credible evidence presented" to demonstrate anything other than equal ownership percentages in all of the properties at issue. In her second issue, Goldberg argues that "[t]here is no evidence to support [Zinn's] contribution claim" and that [t]he trial court erred in not disregarding the jury verdict and rendering judgment against Zinn's contribution claim."

Both of these issues arise out of the jury proceedings and were unaffected by any event after the trial court signed the first judgment on September 19. These complaints come too late, for the rulings complained of were reflected not in the

12

judgment actually appealed from, but in the "Partial Judgment," which was itself final and appealable.  *See Castillo v. Farias*, 64 S.W.2d 989, 990 (Tex. App.—San Antonio 1933, writ ref'd); *Cyphers v. Birdwell*, 32 S.W.2d 937, 938 (Tex. Civ. App.—Texarkana 1930, writ ref'd).

Therefore, we overrule Goldberg's issues without reaching their merits.  *See Woodhead*, 27 S.W.2d at 376 (concluding that "it is our duty to affirm the judgment of the trial court, without passing upon appellants' assignments of error").

**CONCLUSION**

We affirm the judgment of the trial court.



/s/ William J. Boyce
   Justice


Panel consists of Justices Boyce, McCally, and Donovan.

13